[No. 21749. Department Two. February 26, 1929.]

BERT MURRAY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*Phil K. Eaton,* for respondent.

FRENCH, J.—In April, 1924, the respondent suffered an accident resulting in the fracture of both legs above the knees, and filed a claim for compensation with the department. The claim was allowed, and respondent was classified as having temporary total disability, and was paid at the rate of sixty-five dollars per month. In May, 1926, the respondent was reclassified as having permanent partial disability equalling forty-five degrees. In March, 1928, respondent made application for a rehearing of his case and, at the instance of the

[1]Reported in 275 Pac. 66.

department, was examined by the chief medical examiner of the department and later by a commission of doctors; and, upon the report of the commission of doctors, the department reopened the case and allowed additional permanent disability, making a total partial disability award of sixty-five degrees. From this last award, the respondent petitioned for a rehearing before the joint board of the department. The petition was granted and rehearing had, resulting in the department granting an additional award of fifteen degrees, or a total of eighty degrees, which is the maximum under the law for permanent partial disability. From the final decision, the claimant appealed to the superior court of Thurston county, that being the county of his residence.

A copy of the records and files of the department, together with a transcript of the testimony adduced upon the hearing before the joint board, was filed with the superior court as required by law, and upon that record the department moved for a dismissal of the appeal. This motion was, by the lower court, in a memorandum opinion, not only denied, but the court also, on the record alone, directed that judgment be entered reversing the department on the merits, whereupon appellant moved for an order of court setting the case for trial on a day certain, and made a written offer to prove certain facts deemed material for the defense of the action. This motion was denied. Findings of fact, conclusions of law and a decree were duly signed, and this appeal follows.

The only question involved in this case is, What is the proper construction of § 20, ch. 74, Laws of 1911, p. 368? being § 7697, Rem. Comp. Stat., as amended by ch. 310, of the Laws of 1927, p. 850 (Rem. 1927 Sup., § 7697). Section 8 of that law reads as follows:

"Sec. 8. That Section 20 of Chapter 74 of the Laws of 1911, page 368 (Section 7697 of Remington's Compiled Statutes) be amended to read as follows:

"Section 20. Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award is communicated to the applicant, an application for rehearing before the joint board of said department, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety. *Such application shall set forth in full detail the grounds upon which the applicant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the joint board, and it must contain a detailed statement of facts upon which such claimant, employer or other person relies in support thereof.* The claimant, employer, or other person shall be deemed to have waived all objections or irregularities concerning the matter on which such rehearing is sought other than those specifically set forth in such application for rehearing, or appearing in the records of the department. If the joint board, in its opinion, considers that the department has previously considered fully all matters raised by such application it may, without further hearing deny the same and confirm the previous decision or award, or if the evidence on file with the joint board sustains the applicant's contention, it may, without further hearing, allow the relief asked in such application; otherwise it shall order a rehearing to decide the issues raised. If a rehearing be granted it shall be heard in the county of the residence of the applicant, at a place designated by the joint board, but the hear-

ing thereof may be adjourned from time to time and from place to place within said county, as the convenience of witnesses may require. Such rehearing shall be *de novo* and summary but no witness' testimony shall be received unless he shall first have been sworn to testify the truth, the whole truth and nothing but the truth in the matter being heard, or unless his testimony shall have been taken by deposition according to the statutes relating to superior courts of this state. The joint board shall cause all oral testimony to be stenographically reported and thereafter transcribed, and when transcribed the same, with all depositions, shall be filed in, and remain a part of, the record on the rehearing. Such rehearing may be conducted by one or more of the members of the joint board, but the record on rehearing shall be considered by all of the members of said joint board, and the decision of a majority of said joint board shall be the decision of said joint board, and upon such decision being rendered all parties to said rehearing shall be given written notice thereof by the joint board.

''An application for rehearing shall be deemed to have been denied by the joint board unless it shall have been acted upon within thirty days from the date of service: *Provided, however,* That the joint board may in its discretion, extend the time within which it may act upon such application, not exceeding thirty days.

''Each of the members of the joint board shall have power to administer oaths; to preserve and enforce order during such rehearing; to issue subpoenas for, and to compel the attendance and testimony of, witnesses, or the production of books, papers, documents and other evidence, or the taking of depositions before any designated individual competent to administer oaths, and it shall be their duty so to do; to examine witnesses; and to do all things conformable to law which may be necessary to enable them, or any of them, effectually to discharge the duties of his office.

''If any person in proceedings before the joint board disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce,

after having been ordered so to do, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take oath as a witness, or after having taken the oath refuses to be examined according to law, the joint board or any member thereof shall certify the fact to the superior court having jurisdiction in the place in which said joint board or member thereof is sitting; it shall, thereupon, in a summary manner, hear the evidence as to the acts complained of, and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the proceedings, or in the presence of the court.

"Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence, *but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the department. On such appeal the hearing shall be de novo, but the appellant shall not be permitted to offer, and the court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department: Provided, That the right of cross examination shall not be limited by the testimony before the joint board.* The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director of labor and industries. The department of labor and industries shall, within twenty days after receipt of such notice of appeal, serve and file its notice of appearance and such appeal shall thereupon be deemed at issue.

No bond shall be required on such appeal or on appeals to the supreme court, except that an appeal by the employer from a decision of the department under § 7683 of Remington's Compiled Statutes shall be ineffectual unless, within five days following the service of notice thereof, a bond, with surety satisfactory to the court, shall be filed, conditioned to perform the judgment of the court. Except in the case last named an appeal shall not be a stay. *The calling of a jury shall rest in the discretion of the court, except that in cases arising under sections 7683 and 7690 of Remington's Compiled Statutes, either party shall be entitled to a jury trial upon demand.*

"The department of labor and industries shall serve upon the appellant and file with the clerk of the court before trial, a certified copy of its complete record on the claim, which shall, upon being so filed, become a part of the record in such case.

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the superior court shall refer the same to the department of labor and industries with an order directing it to proceed in accordance with the findings of the court: *Provided,* That any award shall be in accordance with the schedule of compensation set forth in this act.

"It shall be unlawful for any attorney engaged in any such appeal to charge or receive any fee therein in excess of a reasonable fee, to be fixed by the court in the case, and if the decision of the joint board shall be reversed or modified, such fee and the fees of medical and other witnesses and the costs shall be payable out of the administration fund, if the accident fund is affected by the litigation. In other respects the practice in civil cases shall apply. Appeal shall lie from the judgment of the superior court as in other civil cases. The attorney general shall be the legal advisor of the joint board and shall represent it in all proceedings. In all court proceedings under or pursuant to

this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same." (Italics ours.)

It will be noticed that, under the provisions of the section above quoted, the joint board may, without further hearing, sustain the appeal, and allow the relief asked in such application; or it may, without hearing, deny the appeal and affirm the previous decision or award, provided, in its opinion, the department has properly and fully considered all matters raised, or it may order a rehearing. In the application for rehearing, the applicant must set forth in full detail the grounds upon which the applicant considers such order, decision or award as being unjust or unlawful, and must include every issue to be considered by the joint board. It must also contain a detailed statement of facts upon which the claimant, employer or other person relies in support thereof. On the rehearing, the joint board or members thereof are empowered to take testimony, and all oral testimony must be stenographically reported and transcribed. Depositions may be taken in support of appellant's claim, and they become and remain a part of the record. The hearing may be adjourned from time to time, and from place to place, as the convenience of witnesses may demand. The entire record is then considered by the members of the joint board, and a decision rendered. Within thirty days after the decision of the joint board has been communicated to the appellant, an appeal may be made to the superior court of the county of his residence, but on such appeal the appellant

". . . may raise only such matters of law or fact as were included in his application for rehearing, or in the complete record of the department."

"On such appeal the hearing shall be *de novo* but the appellant shall not be permitted to offer and the court shall not receive in support of such appeal evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department: *Provided,* That the right of cross examination shall not be limited to the testimony before the joint board. The proceedings in every such appeal shall be informal and summary, and full opportunity to be heard shall be had before judgment is pronounced."

It is the contention of the appellant that, in the last quoted portion of the statute, the department is entitled to offer evidence as a matter of course. It also seems to be the contention of appellant that respondent's case must go to the superior court solely upon the record, and that the motion to dismiss was analogous to a motion for nonsuit made at the close of appellant's case in an ordinary civil action, which being denied, the department is then put to its proof. We confess that the language of the last quoted portion of the statute is somewhat misleading and confusing. But, under the rules of statutory construction, each word, phrase and paragraph thereof must be given a meaning if it properly can be done.

"It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded every section, clause, word or part of the act." 25 R. C. L., 246, and cases cited.

Also see *Dennis v. Moses,* 18 Wash. 537, 52 Pac. 333, 40 L. R. A. 302.

The words "other than or in addition to" must be given some meaning. We think that the only fair construction is that the claimant must rely on the record as made before the joint board. The statute might well have read that the court—

". . . shall not receive in support of such appeal evidence or testimony other than that offered before the joint board or included in the record filed by the department,"

or, it might have read that the court

". . . shall not receive in support of such appeal evidence or testimony in addition to that offered before the joint board or included in the record filed by the department."

The evident purpose of this statute was to compel every claimant to produce all of his testimony before the joint board, so that the members thereof may be fully apprised of all the facts in order to render a proper decision; and ample opportunity is given for the claimant to fully and fairly present all of the testimony which he may have, which in any way might aid the department in passing upon his claim. There is nothing which requires the joint board to produce testimony of any kind. In fact, it will be noticed that, by the plain provision of the statute, the board may, without taking any testimony, deny the appeal and affirm the previous decision or award, or it may, without hearing, sustain the appeal and grant the relief, and in either of these events there might be nothing in the record which would apparently justify the action of the joint board. They might easily be acting because of their knowledge of facts gained by reason of their long experience in the department, all of which facts would be unknown to the court, provided an appeal was taken from their decision.

Then again, it will be noticed that the statute later provides that

". . . the calling of a jury shall rest in the discretion of the court, except that in cases arising under Rem. Comp. Stat., § 7683 or § 7690, either party shall be entitled to a jury trial upon demand."

The fact that the statute provides for a jury trial as a matter of right in some cases and as a matter of discretion in others, seems to clearly indicate that an issue shall be presented in court and some testimony received. Also, it is provided that the certified copy of the complete record of the claim, prepared by the department and filed by the clerk of the court, "shall become *a part* of the record in the case," clearly indicating that there may be other and additional testimony taken, thus making more of a record than that contained in the report prepared by the department. The claimant being prohibited from introducing any other or additional evidence, it must come from the department if any is received.

When the joint board acts upon a claim, it takes into consideration all of the evidence which has been submitted by the claimant. It may also take into consideration the opinion of its chief medical adviser and other officers, and their opinions may not appear in the record. For illustration, assume that the claimant introduces testimony tending to show that he was suffering from diabetes caused by dropping a piece of timber upon his foot. The joint board summarily rejects the claim on the oral advice of its medical officer, and an appeal is taken to the superior court. There the claimant produces the record of the department and the full record of all proceedings and testimony taken before the joint board. Assume that the court, on an examination of the record, finds that a *prima facie* case is made in support of the claimant's claim. The case should then be set down for hearing, and the claimant must rest on the record as made before the joint board, being prohibited by statute from introducing any evidence or testimony other than that offered before the joint board, or included in the record of the department. The department is entitled,

under the statute, to introduce any testimony it may have on the trial, because in the superior court, for the first time, the burden is placed upon the department to uphold its ruling. We think the motion to dismiss by the department in this case was analogous to a motion for nonsuit, and that the department was clearly entitled to introduce any evidence it might have which would tend to uphold its decision, and the claimant might then introduce proper rebuttal testimony.

The judgment is reversed with instructions to proceed in accordance with this opinion.

MILLARD, MAIN, and PARKER, JJ., concur.

TOLMAN, J. (dissenting)—It is impossible for me to conceive that the legislature intended that a claimant appealing from the action of the joint board, should be limited to the case already made, while his opponent is left free to produce what evidence it can, or will, to overcome his showing. Such a procedure would be opposed to the American doctrine of fair play, and would place the claimant at a decided disadvantage. This is especially true in those cases in which a jury might be called; the jury of course would have no opportunity to see and hear the claimant's witnesses and judge of their credibility.

If the statute means what the majority says it means, then the claimant can introduce oral testimony only by cross-examination, and logically he can have no right to introduce rebuttal testimony, even though the majority, without giving a reason therefor, says he may. Such a construction would make the right of appeal a useless and valueless thing.

In my judgment, the statute, given the construction for which the majority argues, offends against the spirit, if not the letter, of our constitution.

I therefore dissent.