[No. 24782. Department Two. April 4, 1934.]

ED BRADBURY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Kenneth Durham,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

GERAGHTY, J.—Ed Bradbury, on August 31, 1931, sustained an injury to his foot while engaged in extra-hazardous employment. The industrial insurance department acknowledged his claim to compensation, and he was paid time loss for approximately six months, at the rate of $52.50 per month, prior to February 10, 1932. On this date, his claim was closed, and he was given a permanent partial disability rating of seven degrees, or $210. Claimant received notice of this determination of the department, together with a warrant for the amount of the award, on February 20th.

On June 18, 1932, he filed with the joint board an application for a rehearing before the board upon the de-

[1]Reported in 31 P. (2d) 87.

partmental order of February 10th closing his claim. Among other things, he alleged in his petition for rehearing that, following the final closing of his claim, the department, within the period of sixty days, ordered further investigation of his case and caused him to be examined by doctors, and to be furnished an arch support and corrective shoe; that, on May 3, 1932, he was called to Olympia by the department for examination, and on that date was examined and notified that the claim would not be reopened.

The petition for rehearing was denied by the joint board, upon the ground that it had not been filed within the sixty day period prescribed by Rem. Rev. Stat., § 7697, whereupon claimant appealed to the superior court of King county for a reversal of the departmental order. Upon the trial of the cause in the superior court, counsel for the parties stipulated as follows:

"It was stipulated in open court by counsel for plaintiff and defendant that the only issue to be presented to the defendant was whether the plaintiff's application for rehearing before the joint board of the defendant department of date of June 17, 1932, was barred by the 60 day limitation of § 7697 of Remington's Compiled Statutes and that in the event the court should hold said application for rehearing to have been made in time, it should be the stipulated law of the case that a judgment should be entered remanding the claim of the plaintiff for industrial insurance to the defendant department with instructions to the joint board thereof to grant and hold such rehearing."

At the trial, following the introduction of the department's claim file, the claimant having been called as a witness on his own behalf, the department objected to the introduction of any testimony. This objection was sustained by the court, whereupon claimant made the following tender of proof, which was refused, and an exception allowed:

164

"Mr. Durham: The plaintiff excepts to the ruling of the court and offers and tenders the testimony of the plaintiff as a witness on his behalf and other testimony of a similar import. If permitted to testify, the plaintiff would testify briefly in substance as follows: That he received the final settlement notice dated February 10, 1932, in his industrial insurance claim, more particularly described in the record filed by the department, on or about February 20, 1932; that prior to February 29, 1932 he called upon A. J. Johanson, duly authorized claim adjuster of the defendant department and that he was at that time assured by Mr. Johanson, as representing the department, that it would not be necessary for the plaintiff to petition for a rehearing in his claim for the reason that the department would consider further medical reports on his condition if the plaintiff would submit such reports and that the department would give his claim and this evidence further consideration; that relying upon this assurance by such agent of the department, the plaintiff caused himself to be examined by Dr. R. L. Sweet and Dr. C. L. Templeton and in compliance with instructions by said Johanson, the plaintiff caused the reports of these doctors (which appear in the department's record of date of February 28, 1932) to be sent to the defendant department. That plaintiff thereafter, on repeated occasions in March and April, 1932 had interviews with said A. J. Johanson and with W. R. Shields, another agent of the department of labor and industries in Seattle and was led by them to believe, and did believe, that his claim was still under investigation by the department, until May 3, 1932 when he went to Olympia on the department's order and was then informed that the department stood on its closing order of February 10, 1932."

"The Court: It appears to the court as a great hardship upon any industrial insurance plaintiff, particularly in a case such as this, in which a rehearing has been refused by the department, not to be permitted to introduce any testimony either before the joint board or the court. However, the court will hold in this case that under the statute as interpreted by

the supreme court the plaintiff is limited to the record of the department as filed in this proceeding. Exception will be allowed.''

Upon this, the parties rested, and the court made findings of fact and conclusions of law adverse to claimant, and judgment thereon was entered dismissing the appeal. From this judgment, claimant appeals.

The findings of the trial court pertinent here are the third and fourth, and follow:

''(3) That based solely upon the department's claim file in the case, there is no sufficient evidence that the department after its closing notice of February 10, 1932, communicated to the claimant February 20, 1932, ordered the submission of further evidence or the investigation of any further fact prior to the time within which the plaintiff might apply for a rehearing which time expired April 20, 1932. That the order of the defendant department dated April 27, 1932, for the plaintiff to report to Olympia for special examination on May 3, 1932, was after the time for application for rehearing had expired.

''(4) The court further finds that if it were permissible at the trial to receive testimony, and if the testimony of the plaintiff were given and received as offered, and if such testimony were not disproved by rebuttal evidence, then the court would hold that under such evidence the application for rehearing of June 17, 1932, was seasonable and that the sixty day limitation had not expired.''

It is evident that, in excluding appellant's tender of proof, the trial court assumed that Rem. Rev. Stat., § 7697, as construed by this court in *Murray v. Department of Labor and Industries*, 151 Wash. 95, 275 Pac. 66, was controlling. Appellant in his brief also devotes much attention to this case, and challenges the correctness of its conclusions.

We are not now disposed, nor is it necessary here,

to re-examine our conclusions in the case. We do not think the case at bar is controlled by the principle there announced. We held in the *Murray* case that, upon an appeal from an award under the workmen's compensation act, the claimant must rest upon the record made in the hearing before the joint board. The appeal to the trial court in the present case was not from an award by the joint board, nor from any order of the board based upon a hearing and after the introduction of evidence, but from an order denying appellant any hearing or any opportunity to offer evidence on the issue of fact tendered by his petition.

In the consideration of the issue involved in the case at bar, subdivision (h), of Rem. Rev. Stat., § 7679, must be read in connection with the appeal provisions of § 7697. The pertinent proviso of § 7679 is as follows:

"Provided, however, That if within the time limited for taking an appeal from an order closing a claim, the department shall order the submission of further evidence or the investigation of any further fact, the time for appeal from such order closing the claim shall be extended until the applicant shall have been advised in writing of the final order of the department in the matter."

Clearly, the evidence tendered by appellant in the trial court would establish a state of facts bringing him within the terms of the proviso. Neither the *Murray* case nor any other case called to our attention has construed the proviso of § 7679 in its relation to the appeal provisions of § 7697. Appellant urges that certain acts were done in relation to his claim which suspended the running of the statute of limitations, and offered to prove these acts. We do not agree with respondent's contention that appellant was limited to whatever appeared in its files. We think he could prove them by any competent evidence. If the facts

are as set out in his tender of proof, he was misled by the department's course of dealing, and should have a right to his day in court upon that issue.

We conclude that the judgment should be reversed, and the case remanded for further proceedings in accordance with the views expressed by the trial court itself in its fourth finding of fact.

BEALS, C. J., TOLMAN, HOLCOMB, and BLAKE, JJ., concur.