CHILCOAT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(Decided January 22, 1940.)

*Mr. Harry B. Reese* and *Mr. J. W. Adkins, Jr.,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. E. P. Felker,* for appellant.

GILLEN, J. In this action the issues were submitted to the trial court without the intervention of a jury resulting in a judgment in favor of plaintiff. The cause is before this court on an appeal on questions of law.

The petition alleges that on the 10th day of August, 1921, while in the usual course of his employment for The American Straw Board Company in Pickaway county, Ohio, the plaintiff sustained a crushing injury to his right leg and that as a direct result of this injury blood poisoning and infection developed in his leg and persisted until October 6, 1925, when the leg was amputated. The petition further alleges that plaintiff's whole system was poisoned, infecting his

heart muscle, and that he is now permanently and totally disabled as a result of heart trouble. Plaintiff duly filed with the Industrial Commission his application for compensation which was allowed by the commission and payments made thereon until June 1, 1929. The petition further alleges that plaintiff subsequently filed an application for modification of award asking that he be allowed to continue to participate in the state insurance fund for the heart trouble which had developed from the original injury. The order of the commission disallowing this application reads:

"That the application for additional compensation beyond the date of last payment filed February 21st, 1929, be denied for the reason that proof on file fails to show claimant's condition is in any way related to the injury reported in this claim."

Defendant filed an answer denying plaintiff's claim that his disability was the result of the original injury and also set up the separate defense that plaintiff had filed an application for modification of award on the 13th day of March, 1931, which application was considered by the commission and disallowed on the 17th day of May, 1932, the order of the commission reading:

"Submitted upon statement of facts by Mr. V. Wardlaw—recommend that application for modification of award be dismissed."

The answer sets forth the report of Mr. Wardlaw as follows:

"The proof on file fails to show that the claimant has any present disability as the result of the injury herein reported or has any disability in excess of that for which he has already been compensated."

The answer further avers that the order of the Industrial Commission of May 17, 1932, was an appealable order from which the plaintiff took no appeal within the statutory period set forth in Section 1465-90 of the General Code of Ohio, and that by reason

thereof the trial court had no jurisdiction of the subject of this action.

Several assignments of error are set forth but the only two urged by counsel for defendant are, first, that the Court of Common Pleas did not have jurisdiction over the subject-matter and, second, that the finding of the Court of Common Pleas was against the manifest weight of the evidence.

Whether the procedural steps and jurisdictional requisites necessary in order to perfect an appeal to the Court of Common Pleas from an order of the Industrial Commission were followed by plaintiff within the statutory period of limitations depends entirely upon the effect of the order of the commission made on the 17th day of May, 1932. The Supreme Court has held in the case of *State, ex rel. Longano,* v. *Industrial Commission,* 135 Ohio St., 165, 20 N. E. (2d), 230, that a filing of an application for compensation with the Industrial Commission is a proceeding within the terms of Section 26 of the General Code, governed therein in all respects by the statutes in force at the time the claim was filed. It follows, therefore, that the statutes in force and effect in the year 1921 are controlling in the instant case. Section 1465-90, General Code (109 Ohio Laws, 291), in effect in the year 1921 read in part as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final. Provided, however, in case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that the injury was self-inflicted or on the ground that the accident did not arise in the course of employment, or upon any other jurisdictional ground going to the basis of the claimant's right, then the claimant, within thirty (30) days after the notice of the final action of such commission, may by filing his

appeal in the Common Pleas Court of the county wherein the injury was inflicted or in the Common Pleas Court of the county wherein the contract of employment was made, in cases where the injury occurs outside of the state of Ohio, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.''

The order of May 17, 1932, is ambiguous in that it does not state the grounds upon which such order is based. Under such circumstances it is necessary to examine the files of the commission in order to ascertain the facts upon which the order of the commission was predicated. The second paragraph of the syllabus in the case of *State, ex rel. Szalay,* v. *Industrial Commission,* 130 Ohio St., 269, 199 N. E., 76, reads:

''When, in an original action in mandamus, it is claimed that the Industrial Commission has made an order with reference to a compensation claim but has failed to state the reason or reasons therefor, a court may examine the commission's records for the purpose of ascertaining the nature of the order and of the claim then pending before the commission.''

The record discloses that the order of May 17, 1932, was based entirely upon the medical report of Dr. Dorr which reads as follows:

''Claimant has been compensated for loss of the right leg by amputation. The injury occurred August 10, 1921, and the leg was amputated October 6, 1925.

''He has now filed a C-85, saying that since January, 1930, he has had something wrong with the left leg and he thinks it is due to the old injury.

''The medical proof by Dr. A. W. Holman and Dr. H. D. Jackson is to the effect that claimant has an area of scaly dermatitis as large as an adult hand over the inner aspect of the lower third of left leg which causes considerable pain and discomfort.

''Neither doctor ascribes the condition to the old

injury to the right leg, but quote the claimant's opinion that it is.

"I am unable to understand how there could be any connection and do not believe there is any.

"In my opinion claimant's disability due to the injury of August 10, 1921, does not exceed loss of the right leg."

It is obvious, therefore, that the only question before the commission was the condition of plaintiff's left leg and it was found that the dermatitis appearing thereon was not caused by the original injury. It does not appear that plaintiff was examined by the medical staff of the commission in order to ascertain his physical condition or the extent of his disability. When plaintiff filed his application for modification of award on February 21, 1929, claiming that he was suffering from a heart ailment caused by the original injury, the commission considered such application upon its merits and made a final order disallowing same. Apparently the commission itself did not construe its order dated May 17, 1932, as a final order based upon jurisdictional grounds. It is urged that the question here presented is determined by the pronouncement of the Supreme Court in the case of *State, ex rel. Szalay,* v. *Industrial Commission, supra,* the fourth paragraph of the syllabus of which reads:

"Upon failure to file an application for rehearing within the statutory period of thirty days after notice of the dismissal of his application for modification of award, a claimant can not revest himself of his lost right by resort to a subsequent application for a modification of award involving the same claim."

Applying this rule to the facts before the court it was found that plaintiff's second application for modification of award presented the identical question previously considered and determined by the commission. In that case, Chief Justice Weygandt says in his opinion, at pages 277 and 278:

"Thus this court is not asked to enunciate a rule at variance with its earlier decisions. On the contrary it would be a most unfortunate departure from the well-settled liberal policy of this court if the Workmen's Compensation Act were to be construed so narrowly as to prevent the claimant from perfecting an appeal from an order without regard to the matters actually presented to the commission for its determination. Of course in the instant case such a narrow construction would be advantageous to the relator with reference to his first application for modification, but he seems not to realize that it would at the same time prevent him from showing the matters actually before the commission when it entered simply a dismissal of his second application for modification upon which he now relies. But of manifestly greater importance is the fact that such a rule ultimately would work untold and unnecessary hardship upon many claimants seeking future relief under the salutary provisions of this act."

In the case at bar it is obvious that the order of the commission dated May 17, 1932, was based solely upon a consideration of the condition of dermatitis appearing on plaintiff's left leg and it was found that this condition was not attributable to the original injury. The second application presented the question of plaintiff's heart condition which was an entirely different claim notwithstanding the fact that it developed from the same original injury. It is pointed out by counsel for defendant that the testimony discloses that the heart condition began to develop at the time plaintiff's leg was amputated and that any disability arising therefrom must have been present at the time the commission considered plaintiff's first application. The record does not contain any proof, however, that the commission did consider this branch of plaintiff's disability. The situation is one requiring proof and

cannot be overcome by an unwarranted presumption on the part of the court. There is credible medical testimony in the record to the effect that plaintiff's heart condition became progressively worse and that at the time his second application was filed with the commission he was permanently and totally disabled by reason thereof. Under such circumstances we are of the opinion that the commission retained jurisdiction of the claim and that the second application was properly filed for consideration. We believe this conclusion is correct for the additional reason that no proof has been offered to establish the fact that plaintiff received notice of the action taken by the commission on the 17th day of May, 1932. The matter of notice presents an issuable fact and when the receipt of such notice is denied the court will not indulge in the presumption that such notice was given in the absence of proof to the contrary. The sixth paragraph of the syllabus in the case of *Roma* v. *Industrial Commission,* 97 Ohio St., 247, 119 N. E., 461, states the rule thus:

"The thirty-day period granted to employees within which they may appeal to the Court of Common Pleas, in cases where their claims for participation in the state insurance fund have been denied by the Industrial Commission, as provided by Section 1465-90, General Code, does not begin to run against such claimant until he has received actual notice of the rejection of his claim."

The second ground of error urged by defendant does not present a serious problem. It is a well-established rule that a reviewing court will not disturb a verdict on the weight of the evidence when such verdict is supported by some credible testimony. The same rule applies where a jury is waived and the issues of fact are submitted to the trial court. In the instant case

the record contains ample proof to justify the finding and judgment of the trial court.

*Judgment affirmed.*

BLOSSER, P. J., and McCURDY, J., concur.