[No. 32849.   Department Two.   June 1, 1954.]

MARTHA AMELIA PORTER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

¹Reported in 271 P. (2d) 429.

Lester Stritmatter, for appellant.

The Attorney General and Edwin R. Roberts, Assistant, for respondent.

HILL, J.—We are here called upon to construe the statutory requirements that a copy of any order, decision, or award of the department of labor and industries shall be mailed to the workman, beneficiary, employer, or other person affected thereby, and if the same is a final order, decision, or award, there shall be printed thereon a statement

". . . that such final order, decision, or award must be appealed to the board of industrial insurance appeals, Olympia, within sixty days, or the same shall become final" (RCW 51.52.050; Laws of 1951, chapter 225, § 5, p. 684);

and that:

"Any workman, beneficiary, employer, or other person aggrieved by an order, decision, or award of the department must, before he appeals to the courts, file with the board [of industrial insurance appeals] and the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision, or award was communicated to such person, a notice of appeal to the board. . . ." (Italics ours.) RCW 51.52.060; Laws of 1951, chapter 225, § 6, p. 684.

Martha Amelia Porter applied to the department of labor and industries for a widow's pension, and her application was rejected by an order dated January 26, 1953. That order, as it appears in the departmental record, has typewritten on it, "MAILED JAN. 26, 1953."

Mrs. Porter appealed to the board of industrial insurance appeals, the notice of appeal being acknowledged by

her March 6, 1953, and filed with the board April 8, 1953. The board entered the following order April 16, 1953:

"It is the Board's opinion that the appeal . . . was not filed within the sixty days time limit prescribed by law, and that the appeal is therefore denied.

"It is therefore ORDERED that the appeal . . . be and the same is hereby denied."

She appealed to the superior court from this order. The department of labor and industries, appearing specially, challenged the jurisdiction of the superior court for the reason that the appeal to the board of industrial insurance appeals had not been timely filed. The superior court sustained the challenge and dismissed the appeal. Mrs. Porter then appealed to this court.

Appellant urges that she has never yet received proper notice that her application for a widow's pension was rejected. The basis of this contention is the following statement, which was printed on the copy of the order of the department rejecting her application:

"No Protest Relative To This Order Or Appeal Therefrom Can Be Recognized Unless Made Within 60 Days From the Date Of Claimant's Receipt Of This Order,"

which does not conform to the statutory requirement that there shall be printed on the copy of the order, decision, or award mailed to the workman, beneficiary, employer, or other person affected thereby a statement that it " . . . must be appealed to the board of industrial insurance appeals, Olympia, within sixty days, or the same shall become final." RCW 51.52.050.

This statement is not statutory notice of the action of the department to the person to whom it is mailed. The copy of the order, decision, or award is itself the notice of the action taken; and the statement required to be printed on the copy thereof is merely a warning of the statutory requirement that an appeal must be taken within sixty days, and *does not affect the validity of the communication of the "order, decision, or award of the department" to the person who receives it.* In the absence of a showing that the workman or person aggrieved by the action of the

department was misled to his prejudice in the preparation or prosecution of his appeal, the variation from the language specified in the statute, while not to be approved, is not particularly important.

It is not contended that the appellant here was in any wise misled by the department's violation of the requirements of the statute as to the phraseology of the warning relative to the time and place of appeal. Hence the only serious question before us is whether the board of industrial insurance appeals was justified in dismissing the appeal as not having been filed within sixty days, as provided by RCW 51.52.060.

■ The sixty-day period within which a person aggrieved by an order, decision, or award of the department must appeal to the board of industrial insurance appeals begins the day on which a copy of such order, decision, or award *is communicated to that person.* RCW 51.52.060. The date of the communication of a copy of such order, decision, or award is not established by the date of the order or by the date on which the departmental record indicates it was mailed to such person. As we said in *Bergman v. Department of Labor & Industries, ante* p. 117, 121, 265 P. (2d) 293 (1954):

"The apparent date of the order itself, or a date stamped or affixed thereon ostensibly indicating the day the order was mailed by the board, may or may not be material, depending upon whether such dates coincide with the date *communication* to the injured workman was effected."

■ When the record before the board of industrial insurance appeals does not affirmatively establish the date on which an order, decision, or award of the department was communicated to the workman or other aggrieved person and the board has reason to believe (as in the instant case) that an appeal which it would otherwise hear was not filed within the sixty-day period provided by statute, the board should either grant a hearing *subject to proof that the statute of limitations has not operated against the appellant* (*Smith v. Department of Labor & Industries,* 1 Wn. (2d)

305, 95 P. (2d) 1031 (1939)), or should notify the appellant that a question has been raised as to the timeliness of the appeal and *give the appellant an opportunity to be heard on that issue.* It may well be, as respondent argues, that the burden is on the person appealing from the department's order to establish that his appeal was timely, but the appellant should have an opportunity so to do.

Since in the instant case the date on which the order, decision, or award of the department was communicated to Mrs. Porter does not affirmatively appear from the record before the board of industrial insurance appeals, and since it is conceded that she was never given an opportunity to be heard by the board on the issue of whether her appeal was timely filed, the board erred in making its *ex parte* order denying the appeal on the ground that it was barred by the sixty-day limitation.

What has heretofore been said forecloses the argument of the department based on RCW 51.52.070 (Laws of 1951, chapter 225, § 7, p. 685), to the effect that Mrs. Porter should have raised the issue of the timeliness of her appeal in her notice of appeal to the board of industrial insurance appeals. This amounts to an argument that she should have had the prescience to know that the board would erroneously claim that it could determine the date on which the department's order had been communicated to her, either from the date of the order or from a notation in the department's file as to the date on which a copy of the order was mailed to her.

While we believe that, had Mrs. Porter petitioned the board of industrial insurance appeals for a hearing on the issue of the timeliness of her appeal, it would have accorded her such a hearing without the necessity of an appeal to the superior court, there seems to be no statutory authority for such a procedure.

■ When the order of the board denying the appeal was brought before the superior court for review, the error of the board in making its *ex parte* order, predicated upon its "opinion" and not upon fact as to when the order of the department was communicated to Mrs. Porter, was apparent from the record, and the superior court erred in

dismissing the appeal. That the superior court could determine whether such an appeal was timely filed was decided in *Bradbury v. Department of Labor & Industries,* 177 Wash. 162, 31 P. (2d) 87 (1934).

We do not have before us the question of whether, on the authority of the *Bradbury* case, *supra,* or the recently enacted proviso

". . . That in cases of alleged irregularities in procedure before the board, not shown in said record [filed by the board of industrial insurance appeals when an appeal is taken from its order to the superior court], testimony thereon may be taken in the superior court. . . ." (RCW 51.52.115; Laws of 1951, chapter 225, § 15, p. 691),

the superior court could or should have heard evidence as to the date on which the order of the department of labor and industries denying Mrs. Porter's application for a widow's pension was communicated to her, and could or should, on that evidence, have determined whether her appeal to the board of industrial insurance appeals was timely filed.

The order of the superior court dismissing Mrs. Porter's appeal for want of jurisdiction is reversed, and the superior court is directed to hear her appeal. If the litigants adhere to their present position that the appeal to the superior court should be disposed of on the record made before the board of industrial insurance appeals, Mrs. Porter should be given the relief requested, *i.e.,* the order of the board of industrial insurance appeals dismissing her appeal from the order of the department of labor and industries should be reversed and the board directed to give her a hearing on the issue of whether that appeal was timely.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.

July 8, 1954. Petition for rehearing denied.