HERMAN D. ADKINS

*v.*

STATE COMPENSATION DIRECTOR, AND POCAHONTAS FUEL COMPANY, *A Corporation*

(No. 12440)

Submitted April 27, 1965.       Decided June 1, 1965.

*D. Grove Moler,* for appellee.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,* for appellant.

BERRY, JUDGE:

This is an appeal by the employer, Pocahontas Fuel Company, a corporation, from an order of the Workmen's Compensation Appeal Board dated January 8, 1965, which reversed and set aside an order of the State Compensation Director dated October 5, 1964, by which order the Director refused to further consider the claim upon motion of the claimant on the ground that objection by claimant had not been timely filed to the Director's ruling of August 15, 1963, by which ruling the Director held that the claimant had been fully compensated for his injury. Upon application to this Court an appeal was granted from the decision of the Appeal Board and the case was argued and submitted for decision at the April Special 1965 Term.

The claimant, Herman D. Adkins, was injured on September 25, 1961, while working in the mine of the Pocahontas Fuel Company, a corporation, at Itmann, West

Virginia, at which time he sustained a "fracture of 5th lumbar vertebra; lumbosacral sprain". The injury was held to be compensable and the claimant was awarded a 12½% permanent partial disability on July 13, 1962, to which award no protest was filed, although an attempt to reopen was turned down by the Director on March 20, 1963. Upon further application of the claimant, the claim was reopened on July 2, 1963, and on August 15, 1963, after the Director had received an additional medical report, he held that claimant had been fully compensated for the disability as the result of his injury, stating in the letter that claimant had thirty days within which time to file objection to the finding of August 15, 1963. This letter indicated that carbon copies had been sent to the Pocahontas Fuel Company, the attorney for the claimant, and the Employers Service Corporation. No objection was filed by the claimant within thirty days of the date of this letter and it is because of this fact that the question involved in this case arises.

It is the position of both the claimant and his attorney that they did not know that such an order refusing additional compensation had been entered, that the claimant had never received the original notice and his attorney had never received a copy of the notice. The brief filed in behalf of the claimant indicates that the first information the claimant or his attorney had with regard to the order of August 15, 1963, was when the attorney for the claimant was examining the file in the Director's office in January or February, 1964, at which time he found a copy of the order in the file showing a distribution of the copies. He called attention of the secretary of the department to the matter and then returned and searched for a copy of said order but could find no trace of it in either his or his client's possession. However, a copy of the doctor's report, upon which the order was based, was found by the claimant's attorney in his file, although he did not know how he had obtained it. An affidavit was prepared and signed by the claimant to the effect that no notice of the Director's ruling of August 15, 1963 was ever received, and the claimant's attorney moved by letter dated June 2, 1964 to the Department to vacate the order and permit the claimant

to submit reports of additional [medical] examinations. The Director, on October 5, 1964, without conducting a hearing as to the mailing and receipt of the order of August 15, 1963, but after receiving a letter in opposition from the employer, entered an ex parte order overruling the claimant's motion of June 2, 1964, on the ground that it was not filed within thirty days from the date of the order of August 15, 1963. The Director treated the motion as equivalent to an objection. This order of October 5, 1964 was timely appealed to the Workmen's Compensation Appeal Board by the claimant.

When the case was before the Appeal Board the employer, according to a statement in its brief, moved the Board to dismiss the claim on the ground that the Director had lost jurisdiction to take any other action than that taken by him. The Appeal Board did not specifically overrule the motion alleged to have been made on behalf of the employer to dismiss the appeal, but did specifically, by written order, reverse the Director and remanded the case to the Director for further action outlined in the opinion of the Board attached to the order. The opinion, after stating that the Director's order of October 5, 1964 was set aside, merely remanded the claim to the Director "for such consideration as he deems proper".

The question involved in this case is governed by Code 23-5-1, as amended, and it specifically sets out the duties of the Director in connection with such matter and the requirements relating thereto. The pertinent provisions of this statute are as follows:

> "The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction, but upon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders, as provided by section sixteen, article four (§2541) of this chapter, the commissioner shall give notice, in writing, to the employer, employee, claimant, or dependent, as the case may be, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final

> unless the employer, employee, claimant or dependent shall, within thirty days after the receipt of such notice, object, in writing, to such finding."

It will be noted that the statute in question provides that the parties have thirty days in which to make an objection or protest to the finding of the Director "after the receipt of such notice".

It is the claimant's contention that he never received the notice. The employer contends that there is a presumption that public officials will properly perform their duties, and that therefore the notice in question was presumed sent to the claimant. The employer cites the case of *Consentina* v. *Commissioner*, 127 W. Va. 67, 31 S. E. 2d 499, as authority in support of its contention.

It is true that there is a presumption that public officials will perform their duties. However, this is a rebuttable presumption. *Liberty Coal Co. et al.* v. *Bassett*, 108 W. Va. 293, 150 S. E. 745. If the fact that such duty has been performed becomes the issue before a fact-finder, then evidence should be taken, in the course of which both presumptions and proof of facts may be used to resolve the issue. 31A, C. J. S., Evidence, §136 (e) and §114.

In the *Consentina* case, the files of the Commission had been destroyed and the claimant was alleging some years later that prior to this destruction his claim for further compensation had been turned down with a notice that was defective in not notifying him of his right of appeal. Of course no papers were available in the Commission's files to show what was contained on the notice. In a prolonged controversy, the Appeal Board ordered the Commissioner to conduct a hearing on the matter of the proper notice, at which the Commissioner produced evidence of procedure in the department from which it could be presumed that the proper notice was issued and the claimant in his evidence failed to dispute that presumption by facts. While other points were involved in the case, the Supreme Court did discuss the issue of the notice, and came to the conclusion that it could be presumed that proper notice was given, pointing out that: "The claimant testified on his

own behalf, but did not say, and was not asked, whether he had received notice from the Commissioner regarding the action taken on his claim in 1937, or whether he received notice that he had thirty days within which to appeal from said action."

As will be seen, the *Consentina* case is not authority for the proposition that presumption about the performance of a duty cannot be rebutted. However, the case does indicate that the proper way to handle such an issue is by a hearing.

The statute upon which this case turns, Code, 23-5-1, as amended, clearly provides that the thirty day period in which to file an objection runs from the *time of the receipt by the claimant* of the notice, and this Court, in similar cases involving the time limit in which to file objection, has stated in syllabus points of cases that the time runs after receipt of the notice thereof. *Enyart* v. *Commissioner,* 109 W. Va. 613, 155 S. E. 913; *Pauley* v. *State Compensation Commissioner,* 111 W. Va. 456, 162 S. E. 891.

When limitation begins to run with regard to the filing of an objection to the ruling of the Compensation Commissioner or Director depends upon the wording of the statute, a matter which has arisen in several states, and if the statute contains such words as "when the notice is received or communicated to the parties" the time begins to run from the date the notice is actually received. 100 C. J. S., Workmen's Compensation, §724.

The case of *Jefferson Hotel Co.* v. *Young,* 70 Ind. App. 172, 121 N. E. 94, illustrates one type of phraseology, wherein the statute only required that the notice be "sent to" the parties, and it was held that all that was necessary was for the Compensation Department to send the notice, and the receipt thereof was immaterial. This is quite similar to the provisions of the Rules of Civil Procedure in this State applicable to courts of record where mailing rather than receipt controls service. Rule 5 (b), R. C. P. However, it was stated in the *Jefferson Hotel Co.* case that the legislature may provide the requirements with regard

to the serving of such notice as to whether or not the time runs from the mailing or from the receipt of such notice.

Cases from other states involving the question we are considering here, which have like or similar statutes indicating that the notice should be received or communicated, uniformly hold that the time for filing objection runs from the receipt of the notice. *Porter* v. *Department of Labor & Ind.*, 44 Wash. 2d 798, 271 P. 2d 429; *Chilcoat* v. *Industrial Comm.*, 64 Ohio App. 537, 29 N. E. 2d 54; *Jones* v. *Davis*, 246 Ky. 293, 54 S. E. 2d 681; *McClure* v. *Georgia Casualty Co.*, (Texas), 251 S. W. 800. It has also been held that where the notice is required by statute to be sent to the claimant and the employer such notice to an attorney for either party was not sufficient and did not bind the claimant or employer whose attorney received the notice. *Gray* v. *Williams Press, Inc., et al.*, 166 N. Y. S. 2d 876, (N. Y.) 4 A. D. 2d 920; *Texas Employers' Ins. Assn.* v. *Fussell et al.*, 1 S. W. 2d 404.

The *Porter* case, cited above, involves almost the exact question presented in the case at bar, and it was held in that case that the statute which said the notice must be "communicated" required it to be received by the claimant and that when an ex parte order was entered denying relief without a hearing as to whether an objection or appeal was timely taken within the statutory limitation, as was done in the instant case, a hearing should be held to determine the question involved.

It can be seen from the authorities cited that in this present case the Director should have held or conducted a hearing upon the claimant's motion relative to receiving notice of the Director's ruling dated August 15, 1963. No evidence was taken with regard to this matter, and there is nothing in the record to show that copies of the notice were received by the employer or Employers Service Corporation which might cause an inference of receipt by claimant also. The record does show that a communication sent to the claimant in connection with this case on August 15, 1963, was not received by him because the Director's file contains an envelope mailed August 15, 1963, addressed

to the claimant, which was returned to the Director on August 23, 1963. There is a handwritten notation that this communication was remailed to the claimant at the same address on August 27, 1963, but the file contains no copy of a letter or notice other than the notice dated August 15, 1963.

The ruling of the Workmen's Compensation Appeal Board in reversing and setting aside the Director's order was proper, as indicated herein. However, the opinion remanding the claim to the Director "for such consideration as he deems proper" is not the proper direction under the circumstances in this case. The Appeal Board, after reversing the Director, should have remanded the case with directions to the Director to hold a hearing on the question as to whether or not the notice was received by the claimant.

If at a hearing it is definitely proved that the Director mailed the notice dated August 15, 1963, another rebuttable presumption arises, to the effect that the notice was received. 31A, C. J. S., Evidence, §136 (c). See *State ex rel. Yahn Electric Company, Inc.* v. *Baer, Secretary, et al.*, 148 W. Va. 527, 135 S. E. 2d 687. All of this can be inquired into at a full hearing where a record can be made in which the parties may introduce evidence leading to a presumption or rebutting one.

The ruling of the Appeal Board is therefore affirmed and remanded with directions to enter a proper order directing the Director of Workmen's Compensation to conduct a hearing on the question involved in this case and to make a finding of fact thereon.

*Affirmed and
remanded with directions.*