379 S.E.2d 770

**William P. THOMPSON**

v.

**WORKERS' COMPENSATION COMMISSIONER and McNamee Resources, Inc.**

**No. 18762.**

Supreme Court of Appeals of West Virginia.

March 28, 1989.

Linda Rice, Baer, Robinson & Colburn, Huntington, for William P. Thompson.

Howard M. Persinger, McDonough Caperton, Employee Benefits, Williamson, for McNamee Resources, Inc.

MILLER, Justice:

The claimant, William P. Thompson, appeals from a final order entered by the Workers' Compensation Appeal Board on May 27, 1988, affirming a decision of the Workers' Compensation Commissioner denying claimant's reopening application filed under W.Va.Code, 23–5–1a (1986). The Appeal Board denied the claimant's motion based on W.Va.Code, 23–5–1e, stating that the claimant failed to timely protest a March 19, 1987 order by the Commissioner. The claimant contends that the Appeal Board failed to consider whether good cause was shown for the late filing and that the Appeal Board denied him his due process right to a written notice. We agree, and we reverse the decision of the Appeal Board.

The claimant filed an occupational hearing loss claim which the Commissioner, in an order dated July 9, 1985, found compensable, but granted a 0 percent permanent partial disability (PPD) award. The claimant did not appeal this decision. In December, 1986, he moved to reopen the claim, arguing that it was covered by the newly adopted standards announced in *Craddock v. Lewis*, No. 16420 (W.Va. 9/12/84). In a March 19, 1987 order, the Commissioner agreed and granted the claimant a PPD award for hearing loss, which award was less than the claimant sought.[1]

The March 19, 1987 order was mailed to the claimant's counsel. The claimant's copy of the notice was also mailed to his counsel's address. Prior to the March 19, 1987 order, claimant's counsel relocated his practice to another geographical area in West Virginia. Both letters were returned unopened by the post office to the Commissioner. The letters were retained in the claim file and are a part of the record in this case.

Coincidentally, by letter dated March 25, 1987, the claimant's attorney gave formal notice that he no longer represented the claimant. The Commissioner received this letter on March 30, 1987. Claimant's new attorney requested a microfiche copy of the claimant's records on April 6, 1987, and on April 8, 1987, submitted a written fee contract with the claimant. On April 15, 1987, the Commissioner acknowledged representation by the new attorney.

The microfiche sent to claimant's attorney did not contain the March 19, 1987 order. Unaware of previous action taken in the claim, claimant's new counsel requested that the hearing loss claim be reopened under the *Craddock* standards. On

---

1. It is not disputed by the parties that once a reopening decision is made by the Commissioner under W.Va.Code, 23–5–1a, the ruling must be objected to under W.Va.Code, 23–5–1. The plain language of W.Va.Code, 23–5–1a, would dictate this result:

    "In any case where an injured employee makes application in writing for a further adjustment of his claim under the provisions of section sixteen [§ 23–4–16], article four of this chapter, and such application discloses cause for a further adjustment thereof, the commissioner shall, after due notice to the employer, make such modifications or changes with respect to former findings or orders in such claim as may be justified, *and any party dissatisfied with any such modification or change so made by the commissioner shall, upon proper and timely objection, be entitled to a hearing, as provided in section one [§ 23–5–1] of this article.*" (Emphasis added).

June 23, 1987, after the March 19, 1987 order was added to the microfiche and the claimant's new attorney had been apprised of this fact, he wrote a clarifying letter to the Commissioner. The letter stated that neither the claimant nor his original attorney had actually received the March 19, 1987 order and, therefore, had had no opportunity to protest that order and request a hearing.

The Commissioner acknowledged the letter and treated it as a request for extension of time pursuant to W.Va.Code, 23–5–1e (1986),[2] but denied the request, finding that the letter was received more than sixty days after the March 19, 1987 order. The Commissioner concluded that the thirty-day period contained in W.Va.Code, 23–5–1,[3] was jurisdictional unless excused under W.Va.Code, 23–5–1e. The Appeal Board, troubled by the lack of notice, reluctantly affirmed the Commissioner, stating "the compelling factual situation presented by this claim could certainly be construed as a denial of the due process rights of the claimant."

We recognized in *Fucillo v. Workers' Compensation Comm'r*, 180 W.Va. 595, 378 S.E.2d 637 (1988), that the 1986 legislative amendments to the workers' compensation statute regarding filings and objections were designed to alter our holding in *Bailey v. State Workmen's Compensation Comm'r*, 170 W.Va. 771, 296 S.E.2d 901 (1982), and stated that the legislative amendments are limited to cases arising after the effective date of the amendments, i.e., March 7, 1986.[4]

In *Bailey*, we recognized the inequities and hardships that occasionally occurred as a result of the thirty-day time periods for objections to the Commissioner's orders and for appeals to the Appeal Board[5] and to this Court[6] in workers' compensation cases. We concluded in Syllabus Point 1 of *Bailey* that our prior case law declaring these time periods to be mandatory and jurisdictional was unduly harsh.[7] In its place, we established a rule of excusable neglect, which we outlined in Syllabus Point 2 of *Bailey*:

"In the event that a late filing is excusable by virtue of innocent mistake, excusable neglect, unavoidable cause, fraud, misrepresentation or other misconduct of an adverse party, or any other reason justifying relief from the running of the time period, then timely filing shall not be considered mandatory."[8]

2. W.Va.Code, 23–5–1e (1986), provides:
"Notwithstanding the fact that the time periods set forth for objections, protests, and appeals to or from the workers' compensation appeal board, are jurisdictional, such periods may be extended or excused upon application of either party within a period of time equal to the applicable period by requesting an extension of such time period showing good cause or excusable neglect, accompanied by the objection, protest, or appeal petition. In exercising such discretion the commissioner, appeal board, or court, as the case may be, shall consider whether the applicant was represented by counsel and whether timely and proper notice was actually received by the applicant or the applicant's representative."

3. As earlier stated in note 1, *supra*, if a party desires to object to the Commissioner's ruling on a request for reopening under W.Va.Code, 23–5–1a, such objection must be made within the time period set out in W.Va.Code, 23–5–1 (1986). This section requires that an objection must be made to the Commissioner's ruling "within thirty days after the receipt of such notice ... [otherwise] ... such finding or action shall be forever final.... Such time limitation being hereby declared to be a condition of the right to litigate such finding or action and hence jurisdictional."

4. Syllabus Point 2 of *Fucillo* states:
"Time limitations for objections, protests or appeals by either party under the Workers' Compensation Act are now jurisdictional by virtue of recent amendments to the *West Virginia Code* and our contrary holding in *Bailey v. State Workmen's Compensation Comm'r*, 170 W.Va. 771, 296 S.E.2d 901 (1982), is expressly limited to cases arising before 7 March 1986."

5. W.Va.Code, 23–5–1.

6. W.Va.Code, 23–5–4.

7. Syllabus Point 1 of *Bailey* states: "Time limitations under the Workmen's Compensation Act are not jurisdictional, but procedural, and all prior opinions to the contrary are overruled."

8. In addition to placing the jurisdictional language in W.Va.Code, 23–5–1, *see* note 3, *supra*, similar language was added to the following sections: W.Va.Code, 23–4–8c (objections to Occupational Pneumoconiosis Board's findings);

In addition to the amendments specifically making the time periods jurisdictional, the 1986 legislation added a new section, W.Va.Code, 23–5–1e, which permits extensions of the time period if an application is made "within a period of time equal to the applicable period" based upon a "showing [of] good cause or excusable neglect." [9] This section comes into play only when a timely application is made for an extension. It is of little benefit in a situation like this where no notice is actually given.

We also observe that W.Va.Code, 23–5–1 (1986), continues the prior practice which requires that the Commissioner "shall give notice, in writing … [to the parties] … of his action, which notice shall state the time allowed for filing an objection to such finding." Additionally, this section states that the thirty-day period within which the objection must be made begins "after the receipt of such notice."

■ In *Adkins v. State Compensation Director*, 149 W.Va. 540, 142 S.E.2d 466 (1965), the claimant contended that he never received notice of the Commissioner's ruling and, therefore, should not be bound by the thirty-day objection period under former W.Va.Code, 23–5–1. This Court in *Adkins* emphasized the language of this section, which we said "clearly provides that the thirty day period in which to file an objection runs from the *time of the receipt by the claimant* of the notice." 149 W.Va. at 545, 142 S.E.2d at 469. (Emphasis in original). We concluded in Syllabus Point 1 that the thirty-day objection period could not expire without receipt of the notice:

"Code, 23–5–1, as amended, relating to the mailing of notice to interested parties upon an order entered by the Workmen's Compensation Director, provides for a period of 30 days after 'receipt of such notice' within which objection may be made to obtain a hearing before the Director. The notice must be actually or constructively received, not merely mailed; and until such time as the notice is received by the party seeking to protest or object, notwithstanding the expiration of the 30 day period from the date such notice was mailed, the right to obtain a hearing by filing an objection still remains."

*See also Harris v. State Compensation Comm'r*, 125 W.Va. 550, 25 S.E.2d 190 (1943).

The facts in *Adkins* were not as egregious as here, where the certified notices were returned to the Commissioner. This demonstrated, as the Appeal Board indicated, that there was no notice. In *Adkins*, the Commissioner claimed that a notice had been properly mailed. There was, however, no evidentiary record developed in *Adkins* on the notice question and this Court, therefore, remanded the case for an evidentiary hearing. Here, no evidence is required as the parties do not dispute that there was no notice given.

Although the Court in *Adkins* did not have the jurisdictional language now present in W.Va.Code, 23–5–1, it had existing law that stated that the time periods for objections under W.Va.Code, 23–5–1, were both mandatory and jurisdictional. *State ex rel. Garnes v. Hanley*, 150 W.Va. 468, 147 S.E.2d 284 (1966) (jurisdictional); *Stewart v. State Compensation Director*, 150 W.Va. 103, 144 S.E.2d 327 (1965) (mandatory). Notwithstanding this case law, the *Adkins* Court concluded that the statutory requirement for receipt of notice was fundamental and that a party's rights could not be cut off without it.

When the receipt of notice provision is analyzed from a procedural due process standpoint, its requirements become even clearer. As we explained in *Mitchell v. State Workmen's Compensation Comm'r*,

---

W.Va.Code, 23–4–15 (time periods for applying for benefits); W.Va.Code, 23–4–15b (objections to Commissioner's order on nonmedical questions in occupational pneumoconiosis claims); W.Va.Code, 23–5–1b (objections to Commissioner's refusal to reopen claim); W.Va.Code, 23–5–1d (objections to Commissioner's order refusing to modify previous award); W.Va.Code, 23–5–3 (time period for appeal to Workers' Compensation Appeal Board); W.Va.Code, 23–5–4 (time period for appeal to this Court).

**9.** For the full text of W.Va.Code, 23–5–1e (1986), *see* note 2, *supra.*

163 W.Va. 107, 256 S.E.2d 1 (1979), the United States Supreme Court made it clear in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), "that the creation of a statutory disability benefit program by the government provides to those receiving the benefit a property entitlement which triggers certain procedural due process protection." 163 W.Va. at 119, 256 S.E.2d at 10.

In *Mitchell,* we discussed the procedural due process requirements involved in the termination of temporary total disability (TTD) benefits.[10] *See also Allen v. Workers' Compensation Comm'r,* 173 W.Va. 238, 314 S.E.2d 401 (1984); *Honaker v. State Workmen's Compensation Comm'r,* 171 W.Va. 355, 298 S.E.2d 893 (1982). Our recognition of procedural due process rights in workers' compensation cases is not novel. *See, e.g., Veilleux v. Workers' Compensation Appeal Bd.,* 220 Cal.Rptr. 568, 175 Cal.App.3d 235 (1985); *Hattaways, Inc. v. Smith,* 414 So.2d 643 (Fla.App.1982); *Vayiar v. Vic Tanny Int'l,* 114 Mich.App. 388, 319 N.W.2d 338 (1982); *State ex rel. Finley v. Dusty Drilling Co., Inc.,* 2 Ohio App.3d 323, 441 N.E.2d 1128 (1981); *Reaves v. Uniroyal Tire Co.,* 671 P.2d 679 (Okla.App.1983); *Carr v. SAIF Corp.,* 65

Or.App. 110, 670 P.2d 1037, *appeal dismissed,* 297 Or. 83, 679 P.2d 1368 (1984).

■■■ Other courts have specifically applied procedural due process concepts to the failure to receive the Commissioner's notice and have held that the limitations period would not apply. *See, e.g., Hall v. Home Furniture Co.,* 724 P.2d 94 (Colo. App.1986); *Reyes v. Johnstone,* 388 So.2d 344 (Fla.App.1980). We, therefore, conclude that the time period for filing objections to rulings of the Workers' Compensation Commissioner under W.Va.Code, 23–5–1 (1986), is jurisdictional. When, however, a party does not receive notice of an adverse ruling, as required by the statute, this time period cannot, in accordance with procedural due process, be applied to bar such party from filing his or her objections.

For this reason, the order of the Appeal Board is reversed and the case is remanded to the Commissioner with directions to accept the claimant's objections.

Reversed and remanded with directions.

---

**10.** Syllabus Point 3 of *Mitchell* states:

"W.Va.Code, 23–5–1c, permits an employer, upon an application containing credible evidence, to request the Commissioner to terminate temporary total disability benefits. Under this section, evidentiary hearings are not required to be held by the Commissioner until an order terminating the benefits is entered and timely objection to the order has been made. However, procedural due process standards mandate that the Commissioner give the claimant advance notification of the reasons why his temporary total disability benefits are being considered for termination and a reasonable opportunity to supply relevant information on the issue, except where the claimant has voluntarily returned to work."