[No. 32798. Department Two. December 16, 1954.]

KAISER ALUMINUM AND CHEMICAL CORPORATION, *Appellant*,
v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*,
*Respondents.*[1]

*Keith, Winston & Repsold* and *E. Lawrence White*, for appellant.

*Justin C. Maloney*, for respondent Wetzel.

SCHWELLENBACH, J.—This is an appeal from a judgment of the superior court confirming an order of the board of industrial insurance appeals making an award of permanent partial disability to an injured workman.

John A. Wetzel sustained a back injury on December 1, 1947, while in the employ of appellant. The department of labor and industries issued a final order on March 27, 1951,

[1]Reported in 277 P. (2d) 742.

closing the claim with an award of twenty-five per cent of the amount allowable for unspecified disability. Wetzel appealed to the board of industrial insurance appeals. A hearing was set for June 23, 1952, before an examiner for the board. At that time, it was stipulated that Wetzel would again be examined by a commission of three doctors: Wetzel's personal physician (a general practitioner) selected by Wetzel, an orthopedic physician selected by the employer, and an orthopedic physician selected by the department and the board. The commission examined Mr. Wetzel August 12, 1952, after which it submitted a written report to the board indicating the history it had received from the claimant, the complaints which the claimant had made, the commission's findings on the physical examination coupled with its examination of X-ray pictures, and its conclusions. The two orthopedic physicians recommended a disability rating of twenty-five per cent, and the attending physician recommended forty per cent.

The adjourned hearing was held before an examiner on January 13, 1953. At that hearing, Wetzel and his wife testified, as did the attending physician, one orthopedic physician who had been a member of the commission, and two other orthopedic physicians who had examined Wetzel at the request of the department, one in 1950 and one in 1951. All of the orthopedic physicians testified that, in their opinion, a disability rating of twenty-five per cent would be proper, while the attending physician testified that, in his opinion, a disability rating of forty per cent would be proper. For reasons which will appear later, we shall not relate or discuss the testimony of the physicians.

The proceedings were transcribed and submitted to the board, which, on March 16, 1953, entered its decision, findings, conclusions, and order. The board, in its decision, after discussing the evidence, stated:

"Based upon this board's experience in the evaluation of physiological disability from objective findings of medical witnesses in many similar cases, the board is of the opinion that an award of 40% of the amount allowable for unspecified permanent partial disability would be a more accurate

award for the condition resulting to claimant's back as a result of his accident of December 1, 1947. It is, therefore, the board's opinion that the order of the supervisor of industrial insurance dated March 27, 1951, should be modified and the claim herein remanded to the department of labor and industries with direction to award the workman 40% of the amount allowable for unspecified permanent partial disability, less previous award herein."

 We have held that a *regulatory body* whose duty it is to fix rates, etc., may take into consideration results of its previous experience in similar situations, and the general information concerning the subject, which goes to make up its fund of expert knowledge. *State ex rel. Country Club of Seattle v. Department of Public Service*, 198 Wash. 37, 86 P. (2d) 1104. However, it is acting in an administrative capacity. The department of labor and industries would be such a body. We are here concerned with an appellate body—a quasi-judicial body, which hears and determines appeals from orders made by the department. Its decisions are based upon *de novo* hearings, conducted either before the members of the board or before an examiner appointed by and acting for the board, in which sworn testimony is given and exhibits are admitted and considered.

In *Floyd v. Department of Labor & Industries*, 44 Wn. (2d) 560, 269 P. (2d) 563, we held that the board of industrial insurance appeals performs functions which are primarily judicial, as distinguished from legislative or administrative, and that the board should be classified as a quasi-judicial body.

In the instant case, we have no way of knowing what influenced the board in its decision except by what it says, and on that point it is very specific. If findings of the board are to be based upon the "board's experience in the evaluation of physiological disability from objective findings of medical witnesses in many similar cases," any effective court review is at an end. Being a quasi-judicial body, the board must, in the exercise of a judicial function, base its determination upon the evidence rather than upon the information or experience of its members.

The judgment is reversed, and the cause remanded with direction to the trial court to refer the matter to the board of industrial insurance appeals for further consideration and final determination, in accordance with the views herein expressed.

HILL, DONWORTH, and WEAVER, JJ., concur.

GRADY, C. J. (dissenting)—I am not in accord with the view that the board based its award of forty per cent permanent partial disability wholly upon the experience of its members in the evaluation of disability, or that in making an evaluation of disability the board acts in such a capacity that its members cannot or should not use their experience in the administration of the workmen's compensation act to aid them in determining the percentage of permanent partial disability in a particular case under consideration. It is a matter of common knowledge that judges, jurors, and others who weigh such a thing as opinion evidence can be and are aided in its evaluation if they have had experience in the particular field being explored. Of course, experience alone without anything else would not enable the members of the board or a judge or a jury to make an evaluation; but here the board had conflicting evidence before it as to the percentage of permanent partial disability suffered by the claimant, and it seems to me we are cutting the slice to an irreducible minimum when we say the members of the board cannot and must not be aided by past experience in weighing the conflicting opinions because, forsooth, we have on occasion said the board performed quasi-judicial functions. We may so declare, but we cannot erase the human element; people will use their common sense and experience no matter in what capacity they may act. Perhaps the solution is to use such factors but say nothing about it, and thus avoid the undoing of a good and just performance. The trial court agreed with the board and in the review of its judgment I see no reason for alarm.