[No. 2568–2. Division Two. November 28, 1977.]

JAMES G. WATT, *Respondent,* v. THE WEYERHAEUSER COMPANY, *Appellant.*

*Richard Jessup* and *Oliver Malm,* for appellant.

*James E. Duree,* for respondent.

REED, J.—The Weyerhaeuser Company appeals from an order of the Superior Court for Pacific County which directed the Board of Industrial Insurance Appeals to provide James G. Watt with a hearing for the prosecution of his appeal. This ruling reversed an earlier order by the Board dismissing Mr. Watt's appeal for failure to proceed in a timely manner.

Weyerhaeuser contends that under the provisions of the workmen's compensation act, in particular RCW 51.52.102, the Board had the statutory authority to dismiss Mr. Watt's appeal, and that its action was subject to reversal only if it reflected an abuse of discretion. The trial judge held that it was not necessary to determine whether the Board abused its discretion because, as a matter of law, Mr. Watt was entitled to present his appeal. We affirm the decision of the trial court for the reasons set forth below.

The sequence of events culminating in the Board's dismissal of Mr. Watt's appeal is as follows. Mr. Watt injured his lower back on September 15, 1972, while working for Weyerhaeuser. The Department of Labor and Industries determined that he had sustained a permanent partial disability of 20 percent of the maximum allowed for unspecified disabilities. On September 10, 1974, an order was entered to this effect and Mr. Watt was awarded a lump sum of $6,000. Previously he had received time loss compensation totaling $5,981.75.

On October 23, 1974, Mr. Watt, who had by then moved to Littlefork, Minnesota, and was without an attorney, appealed this decision. On November 15, 1974, Mr. Watt's appeal was accepted by the Board.

On December 6, 1974, Mr. Watt and Weyerhaeuser were notified by the Board that the case had been assigned to a hearing examiner and that all proceedings were expected to be completed by the end of May 1975. On January 8, 1975,

both parties were further notified that a prehearing conference had been scheduled before the hearing examiner on January 24, 1975. The purpose of this conference as set out in the letter of notification was twofold: (1) to discuss the issues in controversy in the hope of resolving the appeal by a mutually satisfactory agreement; and (2) to resolve other prehearing matters, such as scheduling the case for a hearing. Mr. Watt failed to appear in person or by counsel at this conference.

Because of Mr. Watt's failure to appear on January 24, the hearing examiner entered a written order on January 27, 1975, placing the appeal in suspension. Mr. Watt was informed by mail that his appeal would be dismissed without further notice unless he notified the Board by February 24, 1975, that he was both ready to proceed and had medical evidence in support of his appeal. If he fulfilled these conditions the appeal would be restored to active status and a further conference or hearing, as requested, would be scheduled.

Prior to February 24, 1975, Mr. Watt's recently retained counsel, Mr. Duree, contacted the Board and obtained a continuance on the same conditions until March 21, 1975. During this period the Board, in response to a request by Mr. Duree, agreed to have Mr. Watt's file sent to the Department's office in Aberdeen.

When Mr. Watt's file had not arrived before March 21, 1975, Mr. Duree sought and was granted an additional continuance on the original conditions. On April 5, 1975, the Board, as an accommodation, made the file available in Aberdeen. Throughout this period, it appears this file either was available or could have been made available for inspection at the Board's Olympia office.

On April 21, 1975, the examiner had not received word from Mr. Duree concerning Mr. Watt's readiness to proceed with the appeal and present medical evidence in support thereof. The following day, April 22, 1975, the Board dismissed the appeal. On April 24, 1975, both the Board and Weyerhaeuser received a letter from Mr. Duree, dated April

15, 1975, in which he requested the case be activated and a conference scheduled. At this time the Board reconsidered its dismissal order, but finding this letter did not comply with the terms of the suspension order, it adhered to its original decision. On May 5, 1975, the Board mailed a copy of its dismissal order to the parties. The next day Mr. Duree, on behalf of his client, appealed to superior court, resulting in the decision now on appeal.

Initially, we direct our attention to the proceedings in superior court. RCW 51.52.115 governs the scope of review by superior courts of final orders and decisions by the Board. Weyerhaeuser contends that the Superior Court committed error when it went beyond the record on appeal and received testimony as to the events surrounding the Board's dismissal of Mr. Watt's appeal. RCW 51.52.115 provides in part:

> The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court . . .: *Provided,* That in cases of alleged irregularities in procedure before the board, not shown in said record, testimony thereon may be taken in the superior court.

Of the two sentences we have excerpted from the statute, the first ostensibly supports Weyerhaeuser's position. However its applicability appears limited to appeals from either awards of the Board or decisions of the Board rendered after hearings have been held and evidence introduced regarding the substantive issues presented by such appeals. *Cf. Bradbury v. Department of Labor & Indus.,* 177 Wash. 162, 31 P.2d 87 (1934); *see also Porter v. Department of Labor & Indus.,* 44 Wn.2d 798, 271 P.2d 429 (1954). But, where there has been, as here, a decision which resolves a procedural issue and which in effect denies one a hearing and the consequent opportunity to present evidence, we believe the proviso quoted from RCW 51.52.115 controls. The Superior Court's action was therefore correct.

Even if we were not of this view, we would find that Weyerhaeuser brought itself within the proviso by introducing the testimony of the only two witnesses at trial, in an attempt to refute any inference in the record that the Board had engaged in irregular practices in handling Mr. Watt's appeal. This action by itself triggered the proviso.

■ Weyerhaeuser further contends that the Superior Court was required to view the Board's decision as prima facie correct. RCW 51.52.115 also provides in part that:

> In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same.

This prima facie presumption also appears inoperative where the Board's decision does not concern substantive issues raised in a claimant's original appeal nor result from a hearing where the Board or hearing examiner receives evidence and observes witnesses. *Cf. Brakus v. Department of Labor & Indus.*, 48 Wn.2d 218, 292 P.2d 865 (1956). The Board's expertise in resolving disputes as to the nature and value of claims under the act, as well as the trial de novo nature of proceedings before it, underlies the above presumption. No such expertise is involved, however, when the Board merely interprets its procedural powers under the act. Under these circumstances we do not believe the presumption is viable.

We turn now to the main issue to be decided in this appeal, that being whether the Board has statutory authority to dismiss Mr. Watt's appeal.

■■ The Board of Industrial Insurance Appeals, created by statute, Laws of 1949, ch. 219, has only the powers conferred upon it by the legislature and must act within the prescribed perimeters. *Cf. Brakus v. Department of Labor & Indus., supra; Lewis v. Department of Labor & Indus.*, 46 Wn.2d 391, 281 P.2d 837 (1955). Since its powers are wholly statutory, the Board can dismiss a previously accepted appeal only as authorized by the act. The sole section of the act which speaks directly to the Board's

authority in this situation is RCW 51.52.102. The salient provision of this statute reads:

> At the time and place fixed for *hearing* each party shall present all his evidence with respect to the issues raised in the notice of appeal, and if any party fails so to do, the board may determine the issues upon such evidence as may be presented to it at said *hearing,* or if an appealing party who has the burden of going forward with the evidence fails to present any evidence, the board may dismiss the appeal: . . .

(Italics ours.)

It is evident that the above language permits the Board to dismiss an appeal when an appealing party, who has the burden of going forward with the evidence, fails to appear at a *hearing* or appears but presents no evidence. In this case, however, Mr. Watt's originally scheduled appearance before the hearing examiner on January 24, 1975, was not for the purpose of a hearing, but rather a prehearing conference. Under RCW 51.52.095 the Board, in its discretion, may direct all parties

> to appear before . . . an authorized hearing examiner, for a conference for the purpose of determining the feasibility of settlement, the simplification of issues of law and fact, the necessity of amendments to the notice of appeal or other pleadings, . . . and such other matters as may aid in the disposition of the appeal. Such conference may be held prior to the hearing, or it may be held during the hearing, . . .

No mention is made within RCW 51.52.095 of any authority on the part of the Board to dismiss an appeal because a party fails to appear at such a conference. Additionally, no other section of the workmen's compensation act specifically confers this right upon the Board. Mr. Watt's absence on January 24, 1975, could therefore not have been fatal to his appeal.

With regard to the hearing examiner's authority to suspend and continue Mr. Watt's appeal upon the specified conditions, RCW 51.52.020 grants the Board the power to adopt its own procedural rules. *Liljeblom v. Department of*

*Labor & Indus.,* 57 Wn.2d 136, 356 P.2d 307 (1960). Pursuant to this statute the Board on June 9, 1972, promulgated WAC 263-12-095(3), which provides in part:

> If any party fails to supply the hearing examiner at a conference the information reasonably necessary to aid the Board in properly scheduling hearings, the Board or the hearing examiner may suspend setting a hearing pending receipt of the required information . . . or may otherwise restrict the time or location of hearing for receipt of such party's evidence.

■ An examination of WAC 263-12-095(3) reflects that it was proper for the hearing examiner to suspend and continue Mr. Watt's appeal until he acknowledged his readiness to proceed with favorable medical evidence. However, this rule did not and could not enable the Board to place a deadline on the receipt of such information. In this jurisdiction an agency may not legislate under the guise of its rule-making power. Rules must be written within the framework and policy of the applicable statute, here RCW 51.52.095. *Smith v. Greene,* 86 Wn.2d 363, 545 P.2d 550 (1976); *Kitsap-Mason Dairymen's Ass'n v. State Tax Comm'n,* 77 Wn.2d 812, 467 P.2d 312 (1970); *State ex rel. West v. Seattle,* 50 Wn.2d 94, 309 P.2d 751 (1957). Since no authority exists under RCW 51.52.095 or any other provision of the act to dismiss an appeal before a hearing has been scheduled, any Board rule which sanctioned such action would go beyond the statutory framework and in effect would constitute impermissible legislation. Here WAC 263-12-095(3) did not provide for the dismissal of Mr. Watt's appeal but only for its suspension. This action appears reasonable under the circumstances and falls within the statutory framework, for it still preserves one's right to a hearing, a right which is not rendered nugatory under the act for failure to appeal at a conference. *Cf. Baker v. Department of Labor & Indus.,* 181 Wash. 85, 42 P.2d 13 (1935). In light of this, the dismissal of Mr. Watt's appeal for his failure to comply with the conditions of the

suspension order by a specific date, April 21, 1975, was statutorily unwarranted and erroneous.

Under the final provision of WAC 263-12-095(3) the Board could have set a specific date for hearing Mr. Watt's appeal. In this manner a deadline could have been established for the final disposition of the appeal. If the Board or hearing examiner had scheduled a hearing at a future date and Mr. Watt then failed to appear or appeared but presented no evidence, his appeal could have properly been dismissed. RCW 51.52.102. Here, however, no hearing was ever scheduled.

■ Nor can it be argued that the term "hearing" in RCW 51.52.102 encompasses the word "conference." There are distinct differences in the nature and purpose of a conference as opposed to a hearing. Unlike a conference, a hearing is a trial de novo on sworn testimony. RCW 51.52-.100; *Brakus v. Department of Labor & Indus., supra; Smith v. Department of Labor & Indus.,* 176 Wash. 569, 30 P.2d 656 (1934). At a hearing, the Board performs essentially a judicial function. *Kaiser Aluminum & Chem. Corp. v. Department of Labor & Indus.,* 45 Wn.2d 745, 277 P.2d 742 (1954); *Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954). The purpose of holding a hearing is to decide the issues on appeal. *LeBire v. Department of Labor & Indus.,* 14 Wn.2d 407, 128 P.2d 308 (1942); *Kaiser Aluminum & Chem. Corp. v. Department of Labor & Indus., supra.* Finally, perhaps the most decisive evidence of this distinction is found in RCW 51.52.095, which provides that a conference may be held before or during a hearing. This provision clearly reveals that these two terms are not synonymous or interchangeable. Because the term "conference" is not embodied within the statutory meaning of the term "hearing," the express mention of the term "hearing" in RCW 51.52.102 is taken to imply the exclusion of the term "conference." *Dominick v. Christensen,* 87 Wn.2d 25, 548 P.2d 541 (1976); *Bradley v. Department of Labor & Indus.,* 52 Wn.2d 780, 329 P.2d 196 (1958); *Ramsay v. Department of Labor & Indus.,* 36

Wn.2d 410, 218 P.2d 765 (1950). RCW 51.52.102 is therefore not applicable to the present situation.

Since no statutory authority exists to support the Board's dismissal order, the trial court was correct in ordering the Board to reinstate Mr. Watt's appeal. Judgment affirmed.

PEARSON, C.J., and PETRIE, J., concur.