[No. 57507-0.  En Banc.  August 8, 1991.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*, v. THE ESTATE OF DAVID E. MACMILLAN, *Appellant*.

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*, v. PEARL AALMO, *Respondent.*

*William D. Hochberg* and *Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz,* for appellant Estate.

*Kenneth O. Eikenberry, Attorney General,* and *Jeffrey E. Boyer, Assistant,* for the State.

*Sidney S. Royer* and *Schroeter, Goldmark & Bender,* for respondent Aalmo.

UTTER, J. — This case is a consolidated appeal concerning whether the beneficiaries' claims for benefits under the Industrial Insurance Act (the Act) were timely filed. Two trial courts reached different results. After appeals were filed in separate divisions of the Court of Appeals, Mrs. MacMillan and Mrs. Aalmo (the Beneficiaries) moved for transfer to and consolidation in this court. We

granted the motion, pursuant to RAP 4.2(a)(4). We find both claims were timely filed.

I

The facts in each case are essentially the same, except for the results reached in the trial courts. David E. Mac-Millan and Christopher Aalmo both died from lung disease contracted as a result of exposure to asbestos in the workplace. Their widows sought death benefits under the Industrial Insurance Act, RCW Title 51.

David MacMillan died in August 1984. In October 1984, Mrs. MacMillan received a letter from the attending physician informing her that David died from lung cancer. The letter also informed her that David had "severe fibrosis of his lungs relating to previous asbestos exposure." MacMillan Clerk's Papers, at 84. In 1986, she received another letter from this same physician which stated: "Many families have made requests for compensation based on previous exposure to asbestos." MacMillan Clerk's Papers, at 85. Mrs. MacMillan filed a claim in June 1987, almost 3 years after the death of her husband but within 1 year of receiving this letter.

Christopher Aalmo also died in August 1984. Mrs. Aalmo filed her claim in August 1987, 3 years after her husband's death. The attending physician stated he did not recall informing Mr. Aalmo that his lung disease was occupationally related. Nor did he recall informing Mrs. Aalmo that her husband's death was occupationally related and that she had a right to file for benefits under the Act.

The Department of Labor and Industries (Department) denied each claim on the ground it was not filed within the 2-year statute of limitations under RCW 51.28.055. Each widow appealed to the Board of Industrial Insurance Appeals (Board). In both cases, the Board ruled the claims had been timely filed, reversed the Department's

decisions, and allowed the claims. The Department then sought judicial review.

In Department of Labor and Industries v. MacMillan, the King County Superior Court, on a summary judgment motion, ruled in favor of the Department, reversing the Board and reinstating the Department's denial of the claim. Mrs. MacMillan appealed to Division One of the Court of Appeals. In Department of Labor and Industries v. Aalmo, the Pierce County Superior Court, also on summary judgment motion, ruled in favor of Mrs. Aalmo, and affirmed the Board. The Department appealed to Division Two of the Court of Appeals.

Mrs. MacMillan and Mrs. Aalmo then moved for transfer to and consolidation in this court and we granted review.

## II

The issue presented is whether RCW 51.28.055 requires a beneficiary seeking benefits for a worker's death from an occupational disease to file a claim within 2 years of the date of death, regardless of whether the worker or the beneficiary ever received notice of the right to file a claim.

RCW 51.28.055 provides:

> Claims for occupational disease or infection to be valid and compensable must be filed within two years following the date the worker had written notice from a physician: (1) Of the existence of his or her occupational disease, and (2) that a claim for disability benefits may be filed. The notice shall also contain a statement that the worker has two years from the date of the notice to file a claim. The physician shall file the notice with the department. The department shall send a copy to the worker and to the self-insurer if the worker's employer is self-insured. *However, a claim is valid if it is filed within two years from the date of death of the worker suffering from an occupational disease.*

(Italics ours.) This is the portion of the statute over which the parties are in dispute. The statute was substantially

amended in 1984 and has not yet been interpreted by an appellate court. The Department and the Board have separate interpretations and two Superior Courts have reached different results.

The Department argues where a worker dies as a result of an occupational disease, a beneficiary's claim for death benefits must be filed within 2 years of the death of the worker. The Department argues the statute unambiguously provides a strict 2-year statute of limitations, that the Legislature intended a 2-year statute of limitations, and that beneficiaries' claims must be treated separately from workers' claims. Thus, the Department denied both claims on the basis they were not timely filed under RCW 51.28.055.

Mrs. MacMillan and Mrs. Aalmo argue in such cases claims for death benefits must be filed within 2 years of the time a physician notifies the beneficiary that the worker's death was the result of an occupational disease. The Beneficiaries base their argument on the fact the statute allows workers 2 years to file a claim from the time they receive written notice from the physician (1) of the existence of the occupational disease, and (2) that a claim for benefits may be filed. They reason this provision makes a distinction between claimants who have received notice that a disease is occupationally related and those who have not. In cases where neither the worker nor the beneficiary have received such notice, the statute of limitations does not commence running. In the present case, the Beneficiaries did not receive notice from the attending physicians that their husbands' deaths were occupationally related, or that they were entitled to file a claim for benefits under the Act.

The Board found that *any* claims for benefits relating to an occupational disease must be filed within 2 years of the date of the physician's written notice. It further found the notice requirements under the statute were not eliminated by the final sentence of RCW 51.28.055. The Board found instead that, in cases resulting in death, a bene-

ficiary has an additional 2 years from the date of death *or* from the time of receiving notice to file a claim. Thus, a beneficiary's claim for death benefits "is not extinguished by the mere passage of two years from the date of the worker's death, *if* the worker was never provided with the requisite written statutory notification mandated by RCW 51.28.055." Aalmo Clerk's Papers, at 96. The Board reasoned the worker's statutory right to notice must be imparted to the beneficiaries, otherwise their rights under the Act would, "in many cases, be just an empty right." Aalmo Clerk's Papers, at 97. (In Department of Labor and Industries v. MacMillan, the Board relied on its decision in Department of Labor and Industries v. Aalmo and ruled in favor of Mrs. MacMillan.) We find the Board's reasoning persuasive.

The Department asserts the Board's decision in this case is "irrelevant". While decisions of the Board are not binding on this court, they are deemed to be correct. RCW 51.52.115 provides, in pertinent part:

> In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same.

*See also Jepson v. Department of Labor & Indus.*, 89 Wn.2d 394, 401, 573 P.2d 10 (1977).

The Department cites *N.A. Degerstrom, Inc. v. Department of Labor & Indus.*, 25 Wn. App. 97, 604 P.2d 1337 (1980) in support of its assertion. However, that case involved the Board's legal interpretation of a contract. The Department also cites *Watt v. Weyerhaeuser Co.*, 18 Wn. App. 731, 573 P.2d 1320 (1977). In *Watt,* the court stated that the presumption is not applicable to the Board's dismissal of an appeal on procedural grounds. 18 Wn. App. at 736. The present case involves a decision based on both procedural and substantive grounds. Furthermore, while the appellate courts chose not to apply the presumption in those cases, they did not deny its validity.

### III

■ RCW 51.28.055 does not state that claims for death benefits *must* be filed within 2 years of the death of the worker. It states: "However, a claim is valid if it is filed within two years from the date of death". The language "[h]owever, a claim is valid if" suggests a possible exception to the rule previously stated, rather than suggesting a new rule. Thus, it can be interpreted to require that a claim for benefits may be filed within 2 years of receiving the physician's written notice *or* within 2 years of the date of death.

The Senate Bill Report contains a summary of the proposed amendment which states:

> Occupational disease claims must be filed within two years after two events have occurred: (1) the worker has received written notice from a physician that the disease is an occupational disease; and (2) the worker has suffered a disability from the disease.

Senate Bill Report, EHB 1142 at 2, 48th Legislature (1984); MacMillan Clerk's Papers, at 136. The language does not distinguish between claims by workers and claims by beneficiaries. It merely states that claims relating to occupational disease be filed within 2 years of receiving the physician's notice. Thus, the legislative history reveals RCW 51.28.055 was intended to clarify that *all* claims arising from an occupational disease must be filed within 2 years of receiving the physician's notice and that in the event of death, the beneficiary has an additional 2 years to file a claim. We find nothing in the language of the bill, either as proposed or as enacted, limits the notice requirements to "workers" only.

### IV

■ ■ The notice requirement in RCW 51.28.055 is mandatory.[1] The fact the final sentence does not contain a

---

[1]The statute uses the words "must" and "shall". *See Singleton v. Frost*, 108 Wn.2d 723, 727-28, 742 P.2d 1224 (1987) (word "shall" is presumed to be used in the imperative sense) (citing 2A N. Singer, *Statutory Construction* § 57.03 (4th ed. 1984)).

notice provision does not imply that the previously set forth provisions do not apply to claims for death benefits. Legislative intent is to be ascertained from the statute as a whole, and the sequence of all statutes relating to the same subject matter should be considered. *Ravsten v. Department of Labor & Indus.*, 108 Wn.2d 143, 150, 736 P.2d 265 (1987). Furthermore, this notice requirement is consistent with other notice provisions under RCW 51.28.

RCW 51.28.010 requires a worker to file notice of an industrial accident with his or her employer and requires the employer to file notice of the accident (and in cases resulting in death, of the death of the worker) with the Department. It then requires the Department to notify the worker *or beneficiary* of his or her rights under the Act. RCW 51.28.030 describes the beneficiary's application for benefits and again requires the Department, upon notice of an industrial accident, to notify the beneficiary of his or her rights under the Act. From this, we believe the Legislature intended the notice provisions to apply to both workers and their beneficiaries. The 2-year statute of limitations does not commence running until the worker or beneficiary receives notice that the disease or death was occupationally related.

The Department argues that a beneficiary's claim for death is separate and distinct from a worker's claim for benefits, and cites *Purdy & Whitfield v. Department of Labor & Indus.*, 12 Wn.2d 131, 120 P.2d 858 (1942), *McFarland v. Department of Labor & Indus.*, 188 Wash. 357, 62 P.2d 714 (1936), and *Beels v. Department of Labor & Indus.*, 178 Wash. 301, 34 P.2d 917 (1934). These cases, however, predate the 1984 amendments, in which the Legislature combined its treatment of the claims for benefits by workers and beneficiaries. The fact that RCW 51.28.055 includes both beneficiaries and workers indicates that beneficiaries are not to be treated differently for purposes of receiving written notice from the physician.

## V

In its proposed decision and order in Department of Labor and Industries v. Aalmo, the Board held the "discovery rule" should be extended to beneficiaries' claims for benefits under the Act. The Board did not adopt this reasoning in its final decision and order. However, while the rule is not strictly applicable, it provides persuasive reasons for construing the notice provisions to apply equally to workers and beneficiaries. The discovery rule tolls the applicable statutes of limitations until such time as the plaintiff discovers, or reasonably should have discovered, the essential elements of his or her cause of action. *See Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 598 P.2d 1358 (1979); *Sahlie v. Johns-Manville Sales Corp.*, 99 Wn.2d 550, 663 P.2d 473 (1983).

In *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 693 P.2d 687 (1985) we extended the discovery rule to wrongful death and survival causes of action. There, the plaintiff filed an action for wrongful death and survival arising from the death of her husband allegedly due to lung cancer caused by exposure to asbestos. She filed the actions after the statute of limitations had run for both actions. She contended, however, that neither she nor the decedent had known at the time of death that his death was caused by his occupational exposure to asbestos. These facts are quite similar to those involved in the case presently before us.

In Washington, the general rule of law is that a cause of action accrues when the plaintiff discovers or reasonably should have discovered all of the essential elements of a cause of action. *White*, 103 Wn.2d at 350. The Department argues *White* is not applicable because RCW 51.28-.055 sets forth a limitation period, while the statutes in *White* did not contain a specific limitation period. Contrary to the Department's assertion, RCW 51.28.055 does not contain a specific time limitation for the filing of death benefits. It merely states a claim is valid if filed

within 2 years of death. It does not state that claims for death benefits *must* be filed within 2 years of death.

In *White*, we stated:

> The application of the discovery rule . . . reflects the latent nature of occupational diseases. Often the critical facts about causation may not be discoverable until several years after death. Defendants' assertion that an autopsy and a death certificate will always reveal the occupational related cause of death is not necessarily true.

103 Wn.2d at 354. In the present case, the autopsy reports for both MacMillan and Aalmo revealed they suffered from lung cancer and asbestosis, but neither report stated the deaths were occupationally related.

Finally, we note in a survivorship action, the plaintiff steps into the shoes of the decedent and therefore gets the benefit of the discovery rule. *White*, 103 Wn.2d at 356. Similarly, in the present case, the Beneficiaries step into the shoes of the deceased worker solely for the purpose of receiving the mandatory notice requirements under RCW 51.28.055.

## VI

■ We find the notice provisions under RCW 51.28.055 apply to all claims for occupational disease, whether filed by a worker or a beneficiary. Thus, RCW 51.28.055 delays the running of the statute until the beneficiary is informed of the nature of the cause of death and its causal relation to the decedent's occupation. It is not enough that the Beneficiaries in this case were given the medical name for the cause of death, which may certainly have been meaningless to them.[2] *See Williams v. Department of Labor & Indus.*, 45 Wn.2d 574, 576, 277 P.2d 338 (1954) (it is not enough that the workman be told a medical

---

[2]David MacMillan's cause of death was listed as "cardiac arrest due to or as a consequence of metatastic adenocarcinoma unknown primary." MacMillan Clerk's Papers, at 79.

Christopher Aalmo's cause of death was listed as "carcinomatosis, carcinoma of left lung, arteriosclerosis heart disease, asbestosis left lung, chronic obstructive pulmonary disease." Aalmo Clerk's Papers, at 27.

name for his disease, which may be meaningless to him, without a statement of its causal relationship to his occupation).

The Act is "remedial in nature and its beneficial purposes should be liberally construed in favor of beneficiaries." *Lightle v. Department of Labor & Indus.*, 68 Wn.2d 507, 510, 413 P.2d 814 (1966). Therefore, we hold that just as the statute of limitations is tolled for workers until they receive written notice from a physician, the statute is also tolled against beneficiaries until they receive written notice from the physician that the cause of death was occupationally related. The superior court decision in Department of Labor and Industries v. Aalmo is affirmed. We reverse the Superior Court in Department of Labor and Industries v. MacMillan and reinstate the Board's decision.

DORE, C.J., and BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.