[No. 26413-1-III.   Division Three.   July 31, 2008.]

MARCELLA PURDY-PETERSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*William D. Hochberg*, for appellant.

*William A. Masters* and *Lawrence E. Mann* (of *Wallace, Klor & Mann, PC*); and *Robert M. McKenna, Attorney General*, and *John R. Wasberg, Assistant*, for respondent.

¶1 KORSMO, J. — Appellant Marcella Purdy-Peterson appeals the dismissal of her claim for surviving spouse benefits filed four years after the death of her husband. The trial court found that the two year statute of limitations had expired due to her knowledge of her husband's prior industrial insurance benefits and of the cause of his death. She contends that the governing authority from our Supreme Court required written notice that the death was job related. Unconvinced by her argument that our court intended additional notice be given where the beneficiary already had knowledge, we affirm.

¶2 Raymond Purdy worked as an insulation installer at Rockwell Hanford Operations with the United States Department of Energy (DOE). He filed a claim for industrial insurance benefits in September 1982. The Department of Labor and Industries on February 21, 1985, allowed the claim for "pleural changes," which were "compatible with exposure to asbestos." The claim ultimately was closed November 13, 1989, with the Department accepting responsibility for asbestos-related conditions but denying responsibility for cigarette smoking damage. Mr. Purdy also was advised he could seek to reopen his claim if his condition worsened.

¶3 Mr. Purdy died on February 19, 2001. His death certificate listed the cause of death as sclerosing cholangitis.

The death certificate also listed other contributing conditions to his death, including asbestosis and coronary artery disease. His widow remarried September 7, 2002. She filed for spousal benefits with the Department of Labor and Industries on May 6, 2005, based on her late husband's exposure to asbestos during his work with DOE.

¶4 The parties stipulated to various facts before the agency. Among those stipulated facts were that Ms. Purdy-Peterson had been told by her husband that he had been exposed to asbestos while working for DOE, that she believed the successful claim for benefits during Mr. Purdy's life was for asbestosis, and that she filed her claim for spousal benefits based on the same exposure claim for which her husband had received benefits. The parties also agreed that Ms. Purdy-Peterson never received written notice from a physician or the Department of Labor and Industries concerning her right to file a claim within two years of Mr. Purdy's death.

¶5 The Department denied benefits in a split decision, with the majority finding that the claim was untimely due to the two year statute of limitations. The dissent found the matter timely under the decision in *Department of Labor and Industries v. Estate of MacMillan*, 117 Wn.2d 222, 814 P.2d 194 (1991). Ms. Purdy-Peterson then appealed to superior court. The court also denied the claim, concluding that Ms. Purdy-Peterson knew that asbestosis was a contributing cause of Mr. Purdy's death and that he had contracted the disease while working for DOE. Based on that knowledge, the court determined that the two year statute of limitations applied from the time of Mr. Purdy's death and denied the claim as untimely. Ms. Purdy-Peterson then appealed to this court.

¶6 As it existed at the time of Mr. Purdy's death,[1] former RCW 51.28.055 (1984) stated:

Claims for occupational disease or infection to be valid and compensable must be filed within two years following the date

---

[1] The statute was amended in 2003 and 2004. The former statute, in its amended form, is now found in RCW 51.28.055(1).

the worker had written notice from a physician: (1) Of the existence of his or her occupational disease, and (2) that a claim for disability benefits may be filed. The notice shall also contain a statement that the worker has two years from the date of the notice to file a claim. The physician shall file the notice with the department. The department shall send a copy to the worker and to the self-insurer if the worker's employer is self-insured. However, a claim is valid if it is filed within two years from the date of death of the worker suffering from an occupational disease.

¶7 This provision was construed in *Estate of MacMillan*, 117 Wn.2d 222. *MacMillan* involved two consolidated cases with similar fact patterns: two workers had died from lung cancer related to their exposure to asbestos. Their surviving widows had filed claims for benefits three years after the deaths. In one instance, the claim was within one year of the attending physician advising the widow that a claim for benefits was available. *Id.* at 224. The respective superior courts hearing appeals of the cases reached conflicting results concerning whether or not the two year statute of limitations in RCW 51.28.055 barred the actions. *Id.* at 224-225. The issue argued by the parties was whether the statutorily required notice to an injured worker also applied to the beneficiaries seeking survivor benefits. *Id.* at 225.

¶8 The beneficiaries argued that they stepped into the shoes of the deceased workers and were entitled to the same statutory notice the workers received. *Id.* at 226. In contrast, the Department of Labor and Industries argued that the beneficiaries had a separate right of action and the notice requirement was not applicable to it. *Id.* at 226, 229. Our Supreme Court rejected the Department's reasoning, concluding that the survivorship action was not separate from the worker's claim for benefits and the statute required that the same notice given to workers also had to be given the beneficiaries. *Id.* at 229. In particular, the court noted, "[T]he Beneficiaries step into the shoes of the deceased worker solely for the purpose of receiving the mandatory notice requirements under RCW 51.28.055." *Id.* at 231.

¶9 *MacMillan* likewise frames the issue presented in this case. Ms. Purdy-Peterson claims *MacMillan* required that she receive written notice from a physician that her husband died from an occupational disease and that she could obtain benefits before the two year limitation period would begin to run. Labor and Industries contends that *MacMillan* is not applicable to the situation presented here, where the deceased worker already received the statutory notice and obtained benefits during his lifetime.

¶10 *MacMillan* does not appear to have involved workers who had received notice and made claims for benefits during their lifetimes. Thus, the court's comments that the beneficiaries' actions were not separate from the workers' claims, and that the beneficiaries stepped into the shoes of their workers, are telling here. Mr. Purdy, during the course of his marriage to Ms. Purdy-Peterson, received the required notice and obtained benefits for several years. He also received notice when his claim was closed that he could reopen the claim if his condition worsened. By stepping into his shoes, Ms. Purdy-Peterson is deemed to have had the same notice already given to her late husband while they were married. She knew that Mr. Purdy suffered from an occupationally-related disease, had received benefits for asbestos exposure, and that the claim for benefits could be reopened. She also knew that asbestosis was a contributing cause to his death. Under these circumstances, we do not believe that *MacMillan* requires any additional notice be given under the statute.

¶11 The two year limitation period had long expired before the current claim for benefits was filed. The claim came too late. Accordingly, we agree with the rulings below that dismissed the untimely claim for benefits. The judgment is affirmed.

KULIK, A.C.J., and BROWN, J., concur.

Review denied at 165 Wn.2d 1030 (2009).