FILED
JUNE 13, 2017
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| OLGA KOZUBENKO, | ) | |
| | ) | No. 34068-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, C.J. — Olga Kozubenko appeals from the superior court's ruling that

she failed to show she suffered from a diagnosis labeled in the ICD-9 code 437.9 as a

result of a work injury. Based on substantial evidence supporting the trial court's ruling,

we affirm the superior court.

FACTS

On January 25, 2008, Olga Kozubenko sustained a work injury when a box of

bedding struck her head while in the course of employment at Spokane's Davenport

Hotel. As a result of her injury, Kozubenko suffered a cervical strain, concussion, and

thrombosis in her right mid transverse sinus extending through the sigmoid sinus.

Thrombosis is a blood clot. Kozubenko's form of sinus thrombosis is considered a

"cerebrovascular disease." Appeal Board Record (AR) at 28-29. As a consequence of her thrombosis, Kozubenko receives anticoagulation therapy and takes the blood thinner Coumadin.

Olga Kozubenko applied for benefits with the Department of Labor and Industries (DLI). DLI approved Kozubenko's claim to the extent she suffered from a cervical strain, a concussion, and thrombosis. Kozubenko later claimed that her work injury caused her to suffer a stroke that caused hemiplegia, partial or full paralysis on the left-side of her body. DLI determined that Kozubenko's work injury did not cause either a stroke or hemiplegia.

Like many medical providers and insurers, DLI employs International Classification of Diseases (ICD) codes to identify accepted conditions and to receive and pay bills for covered care. WAC 296-20-01002; WAC 296-20-025(3)(c); WAC 296-20-125(3)(e). The ICD nomenclature represents a numerical system of classifying diseases and disorders often used for reimbursement in both private and public healthcare systems. *International Classification of Diseases (ICD) Information Sheet*, WORLD HEALTH ORGANIZATION, http://www.who.int/classifications/icd/factsheet/en/ [https://perma.cc/C7QA-CCQ2].

DLI initially classified Olga Kozubenko's thrombosis condition under ICD-9 code 325. This code number covers a "phlebitis and thrombophlebitis of intracranial venous sinuses." Appeals Board Record Transcripts (ART) (Sept. 5, 2014) at 27. Kozubenko questioned the use of ICD-9 code 325 in a series of e-mails to DLI and requested the

2

code designation be corrected to ICD-9 code 437.6 and 437.9. ICD-9 code 437.6 embraces a "nonpyogenic thrombosis of intracranial venous sinus." ART (Sept. 5, 2014) at 27. "Nonpyogen" means a thrombosis unrelated to an infection. ART (Sept. 5, 2014) at 28. ICD-9 code 437.9 signifies an "unspecified cerebrovascular disease."

At the request of Olga Kozubenko, DLI corrected the ICD-9 code number from 325 to 437.6. DLI, however, did not accept the ICD-9 code label of 437.9 because its Board of Industrial Insurance Appeals previously determined Kozubenko did not suffer a stroke as a proximate cause of her injury. DLI notified Kozubenko of its decision in a letter dated June 18, 2013.

Olga Kozubenko appealed the denial order to the Board of Industrial Insurance Appeals. From December 17, 2013 through December 15, 2014, the Board of Industrial Insurance Appeals administrative law judge conducted conferences and hearings on Kozubenko's appeal. The judge entertained testimony from DLI claims manager Heidi Jeg, DLI claims unit supervisor Cherell Fisher, and DLI occupational nurse consultant Monica Howell.

Before the administrative law judge, Olga Kozubenko testified that her neurologist, Dr. Michael Olek, designated the ICD-9 codes for her conditions. Nonetheless, she did not identify Olek as a witness because he no longer worked or lived in her hometown of Spokane. Kozubenko declared that she wanted the ICD-9 code 437.9 added to her claim to receive complete treatment for her medical issues and coverage for medications other than Coumadin. She asserted that ICD-9 code 437.9 addresses the

damage and disturbance in the circulation of her brain. Kozubenko testified that Advanced Registered Nurse Practitioner (ARNP) Tatiana Ponomarenko's supervisor at the Rockwood Clinic informed her of this definition. Ponomarenko delivers anticoagulation therapy to patients. Ponomarenko's supervisor, an unidentified physician, substitutes for Ponomarenko on occasion. Kozubenko did not call Ponomarenko's supervisor as a witness. DLI's Heidi Jeg and Cherell Fisher testified that the DLI denied Olga Kozubenko an ICD-9 code designation of 437.9 because no medical opinion determined that Kozubenko suffered a stroke resulting from her industrial injury. Both witnesses understood "unspecified cerebrovascular disease" to mean stroke. ART (Sept. 5, 2014) at 39, 48. DLI witness Monica Howell confirmed that she advised Jeg to change the ICD-9 code label from 325 to 437.6, but she did not recall any advice regarding an ICD-9 code 437.9 designation.

The Board of Industrial Insurance Appeals administrative law judge also considered testimony from Olga Kozubenko's treating providers, Dr. William Sayers and ARNP Tatiana Ponomarenko. Kozubenko offered Sayers and Ponomarenko as medical experts to support her contention that ICD-9 code 437.9 is an appropriate code number for her thrombosis treatment. The testimony of these providers looms key to this appeal.

Dr. William Sayers, Olga Kozubenko's family physician, confirmed that ICD-9 code 437.6, nonpyogenic thrombosis of intracranial venous sinus, correctly represented Kozubenko's thrombosis condition. Sayers also agreed that Kozubenko did not suffer a stroke or hemiplegia resulting from her work injury. Sayers testified that an ICD-9 437.9

4

label did not fit Kozubenko's claim. Sayers clarified that 437.9 is an "umbrella heading" for cerebrovascular diseases, but Kozubenko has a specific diagnosis and ICD-9 code 437.6 describes that condition. ART (Sept. 5, 2014) at 34. While he conceded no expertise in ICD-9 coding, he explained that care providers code to the highest level of specificity.

ARNP Tatiana Ponomarenko performed anticoagulation therapy for Olga Kozubenko for her thrombosis since her work injury. Ponomarenko agreed that Kozubenko's injury caused thrombosis in her right mid transverse sinus extending through the sigmoid sinus as coded under ICD-9 code 437.6 number. She, however, qualified her testimony by stating a neurologist diagnosed Kozubenko with thrombosis and she performed the anticoagulation treatment according to the neurologist's diagnosis.

Tatiana Ponomarenko testified that she could not opine whether Olga Kozubenko suffered from an "unspecified cerebrovascular disease" under the ICD-9 code 437.9. She stated that thrombosis is a cerebrovascular disease, but that a diagnosis of "cerebrovascular disease" merely describes any disease of the cerebrovascular system. In a chart note dated October 4, 2012, Ponomarenko listed three diagnoses: (1) nonpyogenic thrombosis intracranial venous sinus (ICD-9 code 437.6), (2) anticoagulation Rx (ICD-9 code V58.61), and (3) cerebrovascular disease (ICD-9 code 437.9). Ponomarenko explained that she added cerebrovascular disease (ICD-9 code 437.9) because Kozubenko expressed nonspecific neurological symptoms at her patient visit. Ponomarenko customarily documents any patient complaints not pertinent to her anticoagulation

5

treatment. Ponomarenko instructed Kozubenko to see a neurologist to address her neurological symptoms.

In December 2014, Olga Kozubenko claimed that ARNP Tatiana Ponomarenko received pressure from her employer, Rockwood Clinic, to testify a certain way. As a result, the Board of Industrial Insurance Appeals administrative law judge permitted Kozubenko to recall Ponomarenko to testify. Ponomarenko testified that she spoke with Rockwood Clinic's risk manager after her first testimony and the risk manager instructed Ponomarenko to read from her records and tell the truth. Ponomarenko also spoke to Rockwood Clinic's coding department who verified the accuracy of Ponomarenko's assessments and diagnoses. Ponomarenko did not indicate that Rockwood Clinic pressured her to testify in a certain manner. Similar to her previous testimony, Ponomarenko maintained an inability and unwillingness to opine on whether Kozubenko suffered from an "unspecified cerebrovascular disease" resulting from her work injury.

The Board of Industrial Insurance Appeals administrative law judge took judicial notice of ICD-9 code sections. The judge noted that ICD-9 code 434.91 and its subcategories classify strokes; ICD-9 code 325 for "inflammatory diseases of the central nervous system"; and ICD-9 codes 390 through 459 for diseases of the circulatory system. ART (July 29, 2014) at 10.

The Board of Industrial Insurance Appeals administrative law judge issued a proposed decision and order on March 3, 2015, which affirmed DLI's denial of ICD-9 code 437.9. The judge found that Olga Kozubenko did not present any medical

testimony to establish that she suffered from a condition under the ICD-9 code 437.9 nomenclature. The judge further found that medical testimony reinforced DLI's classification of Kozubenko's thrombosis condition under ICD-9 code 437.6. Accordingly, the judge concluded that Kozubenko failed to establish a prima facie case of unspecified cerebrovascular disease under ICD-9 code 437.9 proximately caused by her industrial injury.

Olga Kozubenko filed a petition for review to the Board of Industrial Insurance Appeals on March 13, 2015. The board denied Kozubenko's petition and accepted the administrative law judge's proposed decision and order as the final order.

## PROCEDURE

Olga Kozubenko appealed the Board of Industrial Insurance Appeals' decision to the superior court. After reviewing the record, the superior court issued a memorandum opinion that concluded that the medical testimony did not support Kozubenko's claim and she failed to make a prima facie case. The trial court entered a judgment and order affirming the Board of Industrial Insurance Appeals. Kozubenko now appeals to this reviewing court.

## LAW AND ANALYSIS

Olga Kozubenko assigns error to the superior court's confirmation of the Board of Industrial Insurance Appeals' denial of an ICD-9 code 437.9 label of "unspecified cerebrovascular disease." Because substantial evidence supports the board's decision, we affirm the superior court.

The Industrial Insurance Act, Title 51 RCW was intended to provide relief "for workers, injured in their work, and their families and dependents . . . regardless of questions of fault and to the exclusion of every other remedy." RCW 51.04.010; *Dennis v. Department of Labor & Industries*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). To serve this goal, the act should be liberally construed, with all doubts resolved in favor of the worker. *Dennis v. Department of Labor & Industries*, 109 Wn.2d at 470; *Department of Labor & Industries v. Estate of MacMillan*, 117 Wn.2d 222, 232, 814 P.2d 194 (1991); *Intalco Aluminum, Corp. v. Department of Labor & Industries*, 66 Wn. App. 644, 654, 833 P.2d 390 (1992).

The superior court reviews the Board of Industrial Insurance Appeals' decision de novo, based solely on the Board of Industrial Insurance Appeals record. RCW 51.52.115. In the superior court, Olga Kozubenko had the burden of proving the Board of Industrial Insurance Appeals' findings and decision were not prima facie correct. *Potter v. Department of Labor & Industries*, 172 Wn. App. 301, 310, 289 P.3d 727 (2012).

An appeal to the Court of Appeals lies from the judgment of the superior court as in other civil cases. RCW 51.52.140. In reviewing the superior court's decision, the Court of Appeals determines whether substantial evidence supports the trial court's findings and whether those findings support the conclusions of law. *Tomlinson v. Puget Sound Freight Lines, Inc.*, 166 Wn.2d 105, 109, 206 P.3d 657 (2009); *Eastwood v. Department of Labor & Industries*, 152 Wn. App. 652, 657, 219 P.3d 711 (2009). Substantial evidence exists if a sufficient quantity of evidence in the record would

8

persuade a fair-minded, rational person of the truth of the stated premise. *Eastwood v. Department of Labor & Industries*, 152 Wn. App. at 657.

Substantial evidence supports the trial court's finding that Olga Kozubenko did not suffer from a condition of unspecified cerebrovascular disease covered under ICD-9 code 437.9. Kozubenko offered medical testimony from Dr. William Sayers and ARNP Tatiana Ponomarenko, but neither testified that she sustained an "unspecified cerebrovascular disease" caused by her injury that warranted an ICD-9 code 437.9. Sayers and Ponomarenko testified that Kozubenko's thrombosis condition is a cerebrovascular disease. Nonetheless, each testified that ICD-9 code 437.6 was the appropriate code for Kozubenko's thrombosis condition.

Dr. William Sayers testified that ICD-9 code 437.6 was the correct code because it specifically addressed Kozubenko's thrombosis condition. He explained that ICD-9 code 437.9 was not appropriate because this code functions as an umbrella diagnosis when no other code section accurately describes a patient's condition. Dr. Sayers further testified that Kozubenko did not suffer a stroke or hemiplegia resulting from her work injury. Likewise, Tatiana Ponomarenko agreed with Dr. Sayers that ICD-9 437.6 is an exact description of Kozubenko's condition, while code 437.9 is a general code description when a patient's condition does not fit under a specific code description.

Olga Kozubenko contends that Tatiana Ponomarenko supported her ICD-9 code 437.9 diagnosis. This reliance is misplaced. One of Ponomarenko's chart notes identified cerebrovascular disease as a diagnosis. Nevertheless, Ponomarenko explained

9

that her notation memorialized Kozubenko's complaints of nonspecific neurological symptoms. This documentation did not mean that Ponomarenko diagnosed Kozubenko with a cerebrovascular disease, ICD-9 code 437.9, in addition to her thrombosis condition, ICD-9 code 437.6. To the contrary, Ponomarenko told Kozubenko to see a neurologist to diagnose her neurological symptoms.

## CONCLUSION

We affirm the superior court's decision that upheld the decision of the Board of Industrial Insurance Appeals.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.

10